[No. 11317.  In Bank. — September 1, 1887.]

J. R. BROUGHTON, ASSIGNEE, ETC., OF FELIX ANAYA, AN INSOLVENT, APPELLANT, v. JOSÉ VASQUEZ, RESPONDENT.

73  325<br>133  499

INSOLVENCY — DEED — MORTGAGE — DELIVERY WITHIN THIRTY DAYS OF INSOLVENCY — FRAUD. — The action was brought by the assignee of an insolvent debtor to set aside a deed executed by the latter to the defendant for the purpose of securing an antecedent indebtedness.   At the time of the delivery of the deed, the grantor was insolvent, and within thirty days thereafter was so adjudged.   The deed was given in pursuance of a parol agreement therefor entered into by the parties about five months prior to its delivery.   *Held*, that the deed was intended as a mortgage, and in the absence of fraud, should be treated as delivered at the time it was agreed to be made.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the opinion in Department Two.

*C. A. Stonesifer*, for Appellant.

*Schell & Bond*, and *W. E. Turner*, for Respondent.

The COURT. — The judgment and order appealed from are affirmed for the reasons given in the former opinion rendered by Department Two.

THORNTON, J., and TEMPLE, J., dissented.

The following is the opinion of Department Two above referred to, rendered on the 21st of September, 1886: —

SEARLS, C. — This action is brought by the plaintiff, as assignee in insolvency of Felix Anaya, to set aside a deed of conveyance executed by the latter to defendant on the ninth day of July, 1884, of certain lots of land in the town of Modesto, Stanislaus County.

Defendant had judgment, from which, and from an order denying a motion for a new trial, the plaintiff appeals.

Prior to February 27, 1884, there had been business transactions between the insolvent, Anaya, and defendant, Vasquez, on account of which there was a balance of several thousand dollars due and owing from the former to the latter, and which was secured by a conveyance from the former to the wife of the latter of the lots of land here in question, and of other property.

On the last-mentioned day, the parties had a settlement, and Anaya paid to Vasquez fourteen hundred dollars, leaving a balance due the latter of fifteen hundred dollars, for which sum Anaya gave him his promissory note.

The wife of Vasquez, at the same time, conveyed to Anaya all the property theretofore standing in her name as aforesaid, upon a verbal agreement that Anaya, upon

going home to Modesto, would execute and deliver to
Vasquez, as security for the payment of the promissory
note, a deed of conveyance of the two lots of land, the
subject-matter of this action.

Anaya neglected to execute and deliver the deed until
the ninth day of July, 1884, when he executed and de-
livered it to Vasquez, pursuant to his agreement, and as
security for the payment of the promissory note.

A few days before the deed was delivered, the build-
ings upon the lots were consumed by fire; and Anaya
at the date of the delivery of such deed was insolvent,
and unable to pay his debts.

On the fifth day of August, 1884, and within thirty
days after the execution and delivery of the last-men-
tioned deed, Anaya filed in the Superior Court in and
for the county of Stanislaus his petition in insolvency,
and thereupon such proceedings were had that he was
duly adjudged an insolvent, and the plaintiff herein was
duly appointed his assignee.

The cause was tried by the court; and the findings,
among other things, established the insolvency of Anaya
at the date of the delivery of the deed to Vasquez, but
negative the charge that such conveyance was made in
contemplation of insolvency, or to give to Vasquez a
preference over other creditors, or to prevent the prop-
erty from passing to his assignee, or from being dis-
tributed to his creditors, or to defeat, hinder, or delay
creditors, or to evade the insolvent laws, and that Vas-
quez had no knowledge or cause to believe Anaya insol-
vent at the date of or prior to the delivery to him of
the deed; and generally the findings negative all idea of
fraud.

The deed in question is found to be a mortgage given
to secure the payment of the promissory note for fifteen
hundred dollars.

We think the findings are supported by the evidence.

Equitably considered, the deed should be treated as

though delivered at the time it was agreed to be made, and as a part of the general transaction by which Anaya procured a conveyance of the whole property, with the understanding that he would convey back by way of security the lots in question.

The fact that such agreement to convey existed, though but verbal, independent of all question as to its being enforceable, was a strong circumstance to rebut the presumption of fraud arising from the subsequent failing circumstances of Anaya.

In determining the questions of fraud presented by the pleadings, it was proper for the court to receive testimony touching the relation existing between the parties, the nature of their business transactions, the existence of the prior debt of the insolvent to defendant, and any other facts tending to elucidate the good faith or fraudulent intention of the parties.

For this purpose, the testimony to which objection was made was admissible.

Upon a review of the whole case, we are of opinion the findings are supported by the evidence; that they cover all the issues material to the case, and that the conclusions of law are in consonance therewith; that no error intervened at the trial prejudicial to the appellant; and that the judgment and order appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.