[No. 15595. Department One.—April 3. 1895.]

THE BANK OF UKIAH, Appellant, *v.* REUBEN MOORE et al., Respondents.

Chattel Mortgage—Sheep and Neat Cattle—Registry—Amendment of Code not Retroactive.—A chattel mortgage upon sheep and neat cattle made prior to the amendment of March 9, 1893, of section 2955 of the Civil Code, is not entitled to registry, and the recording of it would impart no constructive notice, sheep and neat cattle not being among the articles provided to be mortgaged prior to said amendment; and the recording thereof after the passage of the amendment does not render the mortgage valid as a statutory mortgage; nor does the amendment have any retroactive effect to make a statutory mortgage of that which was not such when it was executed, it not being expressly declared in the amendment that it is retroactive.

CVI. Cal.—43

ID.—REGISTRY LAW—RETROACTIVE EFFECT—INVALID STATUTORY MORT-
GAGE.—Registry laws are usually not held to have retroactive effect,
except so far as they may aid vested rights under valid instruments;
and, where there is no valid statutory mortgage to be recorded, a subse-
quent authority of law to record a similar mortgage does not operate to
give constructive notice to the prior record of the invalid mortgage.

ID.—COMMON-LAW MORTGAGE.—A mortgage upon personal property not
authorized to be mortgaged by the statute is nevertheless valid as a
common-law mortgage between the parties, and as against all other per-
sons except creditors of the mortgagor and subsequent purchasers in
good faith for value.

ID.—RIGHTS OF CHATTEL MORTGAGEE—POSSESSION—REMEDY AT LAW.—In
this state a mortgage of personal property does not transfer the title or
the right to immediate possession to the mortgagee, unless expressly
so provided in the mortgage; and, if the mortgage is not due and does
not provide for a change of possession of the mortgaged property, the
mortgagee is not entitled to possession, and has no remedy at law to
prevent an interference with the mortgaged chattels.

ID.—REMEDY IN EQUITY—INJUNCTION—RECEIVER.—As against the mort-
gagor of chattels under a common-law mortgage to secure a debt not
due, and also as against purchasers with notice and without considera-
tion, the mortgagee may maintain a bill in equity for an injunction and
receiver to preserve the mortgaged property from destruction or inter-
ference, so that it may answer the purpose of the mortgage, although the
time for payment set out in the mortgage has not arrived.

ID.—DEFENDANT CLAIMING AS BONA FIDE PURCHASER—DISSOLUTION OF IN-
JUNCTION.—Where a defendant, in the suit for an injunction, who had
no constructive or actual notice of such common-law mortgage, pleads
that he is a purchaser of the mortgaged property in good faith and with-
out notice of the mortgage, and denies all the equities of the complaint,
a dissolution of the injunction as to such defendant, upon the complaint
and his answer, is proper.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order dissolving an injunction.

The facts are stated in the opinion.

J. A. Cooper, for Appellant.

An injunction is the remedy and lies in this kind of cases. (Jones on Chattel Mortgages, sec. 450, and cases cited; 1 Cobbey on Chattel Mortgages, sec. 491; 2 Cobbey on Chattel Mortgages, sec. 854; Rose v. Bevan, 10 Md. 466; 69 Am. Dec. 170.) It was error for the court to revoke the order appointing a receiver in this case. A mortgagee in case of apprehended danger of loss of

the mortgaged property may have a receiver appointed even before his right to foreclose has accrued. (Jones on Chattel Mortgages, sec. 451; *Rose* v. *Bevan, supra; Clagett* v. *Salmon,* 5 Gill & J. 314; *Maish* v. *Bird,* 59 Iowa, 307; *Long Dock Co.* v. *Mallery,* 12 N. J. Eq. 431; 1 Cobbey on Chattel Mortgages, sec. 490, p. 667; see *Société Française* v. *Selheimer,* 57 Cal. 624.) The mortgage when made was good and valid between the parties and as to all persons except creditors and *bona fide* purchasers for value. (Jones on Chattel Mortgages, sec. 114; 1 Cobbey on Chattel Mortgages, sec. 189; *Hackett* v. *Manlove,* 14 Cal. 89; *Wildman* v. *Radenaker,* 20 Cal. 617; *Glenn* v. *Arnold,* 56 Cal. 631; *Tregear* v. *Etiwanda Water Co.,* 76 Cal. 539; 9 Am. St. Rep. 245; *Gildersleeve* v. *Landon,* 73 N. Y. 609.) The mortgage was properly recorded after the amendment of section 2955 of the Civil Code, although executed prior thereto, and was constructive notice, after its recordation, to all persons dealing with the property. (Jones on Chattel Mortgages, sec. 248; *Fowler* v. *Merrill,* 11 How. 392; *Grimes Dry Goods Co.* v. *McKee,* 51 Kan. 704.) The recording May 9th was equivalent to a delivery and change of possession from the mortgagor to the mortgagee on that day. (*Berson* v. *Nunan,* 63 Cal. 551; *Beamer* v. *Freeman,* 84 Cal. 556.) A mortgage void because of no change of possession is cured by the mortgagee afterwards taking possession. (Jones on Chattel Mortgages, sec. 178; *Read* v. *Wilson,* 22 Ill. 377; 74 Am. Dec. 159.) The mortgage note was not due when the complaint was filed, and the plaintiff was not entitled to the possession of the mortgaged property. (Civ. Code, sec. 2927.) The plaintiff was clearly entitled to an injunction to preserve its security, as the rule is universal that equity will protect a threatened injury to the mortgaged property. (Jones on Chattel Mortgages, sec. 450; *Chapman* v. *Hunt,* 13 N. J. Eq. 370; *Downing* v. *Palmateer,* 1 T. B. Mon. 64; *Clagett* v. *Salmon,* 5 Gill & J. 315, 348; *Rose* v. *Bevan, supra; McCormick* v. *Hartley,* 107 Ind. 248; *Arnett* v.

*Trimmer*, 43 N. J. Eq. 488; Jones on Mortgages, sec. 601.)

*J. M. Mannon*, and *Thomas L. Carothers*, for Respondent Drew.

The chattel mortgage set out in the complaint does not describe property belonging to either of the classes mentioned in section 2955 of the Civil Code as it existed at the date of the execution of the mortgage, and consequently the mortgage had no validity as to third parties, whatever might have been its effect as between the original parties thereto. (Jones on Chattel Mortgages, sec. 122; *Gassner* v. *Patterson*, 23 Cal. 299; *Stringer* v. *Davis*, 30 Cal. 318; *Glenn* v. *Arnold*, 56 Cal. 631; *Dufficy* v. *Shields*, 63 Cal. 332.) Plaintiff cannot be divested of its lien by a removal of the property, but has his remedy by action in trover or replevin. (*Martin* v. *Thompson*, 63 Cal. 4; *Berson* v. *Nunan*, 63 Cal. 550; *Wilson* v. *Prouty*, 70 Cal. 196; *Chittenden* v. *Pratt*, 89 Cal. 183.) If plaintiff had a valid mortgage on the property in controversy, it held the legal title and could recover its immediate possession. (*Heyland* v. *Badger*, 35 Cal. 404; *Wright* v. *Ross*, 36 Cal. 428; *Berson* v. *Nunan*, *supra;* and cases cited *supra*.) Hence, plaintiff having his remedy at law, an injunction will not lie. (*Leach* v. *Day*, 27 Cal. 643; *Nevada etc. Co.* v. *Kidd*, 37 Cal. 307; *Rahm* v. *Minis*, 40 Cal. 421; *Mayo* v. *Bryte*, 47 Cal. 626; *Richards* v. *Kirkpatrick*, 53 Cal. 434; *Moulton* v. *Knapp*, 85 Cal. 385.) It appearing from the complaint that the "pretended" sale by the defendant Gibson had already been made, and that the other defendants had already taken possession of the mortgaged property, the injunction was improperly issued and should not have been retained. (*Delger* v. *Johnson*, 44 Cal. 185; *Gardner* v. *Stroever*, 81 Cal. 148.) This defendant having denied all the equities of the complaint by her answer, and the injunction having been issued without notice, it was within the sound discretion of the trial court to dissolve it. (*Crandall* v. *Woods*, 6 Cal. 449, 452; *Real Del Monte*

*etc. Co.* v. *Pond etc. Min. Co.*, 23 Cal. 84; *Bigelow* v. *City of Los Angeles*, 85 Cal. 615.)

*J. W. Oates, J. Q. White,* and *J. H. Seawell,* for Respondents Reuben Moore et al.

The alleged chattel mortgage set up in the complaint is invalid, in that it does not describe property belonging to either of the classes mentioned in section 2955 of the Civil Code as it existed at the date of the execution of the mortgage. (*Gassner* v. *Patterson*, 23 Cal. 299; *Stringer* v. *Davis*, 30 Cal. 318; *Dufficy* v. *Shields*, 63 Cal. 332; *Glenn* v. *Arnold*, 56 Cal. 631; Jones on Chattel Mortgages, sec. 122; 1 Cobbey on Chattel Mortgages, sec. 241.) The law of this state specially and pointedly provides speedy and adequate remedies in such a case as this by means of an action at law. (Jones on Chattel Mortgages, par. 604; 2 Cobbey on Chattel Mortgages, sec. 893; *Wilson* v. *Brannan*, 27 Cal. 270; Code Civ. Proc., 509 et seq; Civ. Code, 2966.) Plaintiff cannot be divested of its lien by a removal of the property, but has its remedy by action in trover or replevin. (*Martin* v. *Thompson*, 63 Cal. 4; *Berson* v. *Nunan*, 63 Cal. 550; *Wilson* v. *Prouty*, 70 Cal. 196; *Chittenden* v. *Pratt*, 89 Cal. 183.) A party is not entitled to an injunction in a case where he has a plain, speedy, and adequate remedy at law. (*Leach* v. *Day*, 27 Cal. 643; *Rahm* v. *Minnis*, 40 Cal. 421; *Richards* v. *Kirkpatrick*, 53 Cal. 434.) This is so held to be the law with reference to an injunction to restrain a threatened sale of the property of the mortgagor because he has an adequate legal remedy by replevin. (2 Cobbey on Chattel Mortgages, par. 796; *Minnesota Linseed Oil Co.* v. *Maginnis*, 32 Minn. 193; Jones on Chattel Mortgages, sec. 450.) Plaintiff cannot maintain the action at bar for an injunction. A receivership is ancillary to an action, and is not an independent proceeding. (*French Bank case,* 53 Cal. 495, 553.) Besides, the facts stated in the complaint are insufficient to authorize the issuance of an

injunction. (*Delger* v. *Johnson*, 44 Cal. 182; *Gardner* v. *Stroever*, 81 Cal. 148.)

SEARLS, C.—This is a bill for an injunction by the corporation plaintiff in aid of the preservation of certain personal property (neat cattle, sheep, etc.), upon which said plaintiff holds a chattel mortgage.

Defendants demurred to the complaint, and moved the dissolution of an injunction issued in the cause for the discharge of a receiver appointed therein.

The demurrers (two in number) to the complaint were sustained by the court upon the grounds stated therein, viz., that the complaint did not state facts suficient to constitute a cause of action. The injunction was dissolved, the receiver discharged, and plaintiff having failed to amend, final judgment went for defendants.

Defendant Mahulda C. Drew filed an answer with her demurrer. The other defendants did not answer. The appeal is by plaintiff from the final judgment and from the order dissolving the injunction.

The complaint to which the demurrers were interposed avers, in addition to the more formal portions thereof:

1. The execution, June 30, 1892, of a promissory note for twenty-nine thousand nine hundred and seventeen dollars and eighty-eight cents, with interest payable one year after date by defendant Gibson to plaintiff, and the execution of a chattel mortgage as security for the payment thereof by said Gibson upon certain neat cattle and sheep described therein, and upon the ranch of defendant Gibson, in the county of Mendocino.

2. The mortage complied with the requirements of section 2956 of the Civil Code, stated the occupation of the parties, and was accompanied by the affidavit, and was acknowledged and certified as required by said section, and was afterward, and on the ninth day of May, 1893, recorded as a chattel mortgage, etc.

3. All the mortgaged property is inadequate to pay the note, and the defendants are insolvent.

4. In violation of the covenants of the mortgage, and for the purpose of depriving plaintiff of its security, and since the recording of the mortgage, defendant Gibson has made a pretended sale of the mortgaged property to the other defendants, who have taken possession thereof, and are threatening to appropriate and convert the same to their own use, and will do so, and deprive plaintiff of its security, unless restrained by an order of court.

5. The value of the said property is twelve thousand dollars.

6. Said pretended sale was without consideration, and was made and threatened to deprive plaintiff of its security.

7. Plaintiff is the owner of the note and mortgage, and is without remedy, unless the court shall interpose, grant an injunction, and appoint a receiver.

The prayer is for an injunction and for an order appointing a receiver, etc.

The complaint was filed herein May 24, 1893, and consequently the note and mortgage of plaintiff were not then due and payable.

This case grows out of the same transaction involved in Nos. 15562, 15663, and 15722, this day decided, and much that is said in the opinion in No. 15562 is applicable here and will not be repeated at length.

It will be observed from the foregoing statement that while the complaint avers the execution and recording of the mortgage as provided for, by sections 2955 and 2957 of the Civil Code, in cases of mortgages on personal property, yet the articles mortgaged—*sheep* and *neat cattle*—were not among the articles provided to be mortgaged under said section 2955.

It follows that the mortgage was not one the recording of which imparted constructive notice to the world. It is claimed by appellant that as section 2955 was amended March 9, 1893, so as to include within the articles which

under it can be mortgaged neat cattle and sheep, the recording thereof, after the passage of the amendment, rendered it in all respects valid as a statutory mortgage.

The answer to this proposition is that such a construction would give to the code a retroactive effect to make a statutory mortgage of that which was not such when it was executed.

Section 3 of each of our four codes declares that: "No part of it is retroactive, unless expressly so declared." The amendment does not so declare, and cannot, therefore, be so construed.

But, says the appellant, a mortgage or other instrument recorded before the existence of any registry law will be held to impart notice when thereafter a registry law is enacted authorizing the recordation of such instruments, and authorities are cited in support of the contention.

Registry laws are usually not held to have a retroactive effect, except so far as they may affect vested rights.

The theory of appellant, however, presupposes a valid instrument to record, and in the present instance the objection is, there was no valid statutory mortgage to be recorded, and as the statute provides for recording only those which may be made pursuant to section 2955, and in the manner designated in section 1957, the record could impart no constructive notice. But plaintiff had a mortgage upon the personal property described in its complaint, which was valid as a common-law mortgage between the parties, and as against all other persons except creditors of the mortgagor and subsequent purchasers in good faith for value. (*Tregear* v. *Etiwanda W. Co.*, 76 Cal. 537; 9 Am. St. Rep. 245; *Works* v. *Merritt*, 105 Cal. 467; Civ. Code, secs. 679, 2924.)

The mortgage not being due at the date of suit brought, and not providing, so far as appears, for a change of possession of the mortgaged property, plaintiff, under section 2927 of the Civil Code, was not entitled to possession, and was without remedy at law.

In many of the states it is held, as at common law,

that a mortgage of personal property transfers the title and the right to immediate possession in the mortgagee, unless otherwise provided in the mortgage. (Jones on Chattel Mortgages, sec. 426.)

In such cases the mortgagee may bring replevin or trover for an interference with the mortgaged chattels, and, having a remedy at law, equity will not intervene. Such is not the rule in this state.

The complaint does not aver that the defendants had actual notice of the existence of the mortgage, but does aver that they were purchasers without consideration, which, if true, rendered the mortgage valid as against them.

"The power of a court of equity to preserve the mortgaged property from destruction, so that it may answer the purpose of the mortgage, is undoubted. A bill for an injunction may be sustained, where it is shown that this remedy is proper for the mortgagee's protection, although the time of payment set out in the mortgage has not arrived." (Jones on Chattel Mortgages, sec. 459, citing *Long Dock Co.* v. *Mallery*, 12 N. J. Eq. 93, 431; *Rose* v. *Bevan*, 10 Md. 466; 69 Am. Dec. 170; *Clagett* v. *Salmon*, 5 Gill & J. 315; *Maish* v. *Bird*, 59 Iowa, 307.)

The complaint in this case states all the facts essential to invoke action by a court of equity for the preservation of the mortgaged chattels, and the demurrer should have been overruled, and, as the order dissolving the injunction was, except as to the defendant Drew, based upon the supposed insufficiency of the complaint, its dissolution was error.

As to the defendant Mahulda C. Drew, who answered, denying the equities of the complaint, and showing that she was a purchaser of the sheep in good faith, without notice, and for a valuable consideration, and who moved a dissolution of the injunction upon the complaint and her answer, the order of dissolution was proper.

The judgment appealed from should be reversed and the court below directed to overrule the demurrer to the complaint; and the order dissolving the injunction

should be reversed as to all the defendants except Mahulda C. Drew, and as to her it should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed and the court below directed to overrule the demurrer to the complaint, and the order dissolving the injunction is reversed as to all the defendants except Mahulda C. Drew, and as to her it is affirmed.

HARRISON, J., GAROUTTE J., VAN FLEET, J.