[L. A. No. 823. Department One. — July 31, 1901.]

GREGORY PERKINS, JR., Assignee, etc., Appellant, v. MAIER & ZOBELEIN BREWERY, Respondent.

CHATTEL MORTGAGE — PERSONAL PROPERTY NOT ENUMERATED IN CODE — VALIDITY. — A chattel mortgage upon personal property not enumerated in section 2955 of the Civil Code, to secure notes of the mortgagee to the mortgagor, is good as between the parties, and as to all other persons except creditors of the mortgagee and subsequent purchasers in good faith and for value.

ID. — POSSESSION UNDER STIPULATION — RELATION TO DATE OF MORT-GAGE — FORECLOSURE SALE. — Where such chattel mortgage expressly stipulated that "if the mortgagor shall fail to make any payment as in the said promissory notes provided, the mortgagee may take possession of the said property," etc., possession taken thereunder related to the date of the mortgage, if no intervening rights had accrued, and a foreclosure sale thereof passed title to the purchaser.

ID. — INSOLVENCY OF MORTGAGOR — UNAUTHORIZED ACTION BY ASSIGNEE — DATE OF MORTGAGE. — Although the assignee in insolvency of the mortgagor represents the creditors, he derives his sole power to maintain actions from the Insolvent Act; and where the mortgage was made more than one month before the petition was filed, and was made in good faith and for value, without any apparent violation of the Insolvent Act, the assignee has no authority to maintain an action for conversion of the property by the purchaser under the foreclosure sale.

ID. — INSOLVENCY AT DATE OF POSSESSION — BELIEF IMMATERIAL. — The mortgage being valid, and the possession taken thereunder authorized by its terms, it is immaterial whether at the date of such possession the mortgagee had or had not reasonable cause to believe that the mortgagor was then insolvent.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion.

E. T. Dunning, and Dillon and Dunning, for Appellant.

Louis Gottschalk, for Respondent.

COOPER, C. — Appeal from judgment in favor of defendant and from order denying motion for a new trial.

This action was brought by plaintiff, as assignee of the insolvent estate of Charles Bauer, who was adjudged insolvent under the Insolvent Act of March 26, 1895, for the purpose of recovering damages for the alleged wrongful conversion by defendant of certain counters, mirrors, desk, electric fixtures, kitchen utensils, and other articles of personal property, which had been used by and formerly were the property of the insolvent Bauer. Bauer had the property in a certain saloon and restaurant known as "The Anheuser," on Spring Street, in the city of Los Angeles. While he was the owner and in possession of the property, and before any question was raised as to his solvency, on the thirteenth day of October, 1897, he borrowed four thousand five hundred dollars of defendant, and executed a chattel mortgage upon all the property described in the complaint, to secure the said loan.

This mortgage was properly verified, and recorded on the day of its execution. It was given to secure a note of five hundred dollars due thirty days after date (October 13, 1897), and four notes of one thousand dollars each, due in six,

twelve, eighteen, and twenty-four months, respectively. The mortgage contained an express provision, that "if the mortgagor shall fail to make any payment as in the said promissory notes provided, the mortgagee may take possession of the said property, using all necessary force so to do, and may immediately proceed to sell the same in the manner provided by law, and from the proceeds pay the whole amount in said notes specified." On December 31, 1897, the first note not having been paid, and no interest having been paid, defendant, to secure itself and to collect the money due it, took possession of said property, under the terms of said mortgage, and had it sold under foreclosure proceedings. Defendant became the purchaser at the foreclosure sale.

On January 6, 1897, the creditors of Bauer filed a petition to have him adjudged insolvent, and, after due notice given, an order was made adjudging him insolvent and appointing plaintiff assignee.

It is claimed by the plaintiff that the property was transferred to defendant on the thirty-first day of December, 1897, at the time it took possession, and that said transfer was fraudulently made with a view to give a preference to defendant, and to prevent the property from coming into the hands of the assignee in insolvency, and to prevent the same from being ratably distributed among the creditors of said insolvent.

It is said that the portion of the property described in defendant's mortgage and sought to be recovered is not of the class of personal property enumerated in section 2955 of the Civil Code, and that for this reason the mortgage was and is void, and created no lien against plaintiff as assignee of the insolvent. This is the main point in the case. Conceding that the mortgage was of personal property not enumerated in the section of the code cited, it was good as between the parties, and as to all other persons except creditors of the mortgagee and subsequent purchasers in good faith and for value. (*Bank of Ukiah* v. *Moore*, 106 Cal. 680; *Bank of Ukiah* v. *Gibson*, 109 Cal. 197; *Tomlinson* v. *Ayres*, 117 Cal. 568; *McLeod* v. *Barnum*, 131 Cal. 605.)

The plaintiff only represents the creditors of the insolvent. He is not a subsequent purchaser or mortgagee in good faith and for value. (*Farmers' Exchange Bank* v. *Purdy*, 130 Cal. 458.) As the representative of the creditors, he derives his power to maintain actions to set aside conveyances from the statute alone.

Section 59 of the Insolvent Act, under which plaintiff was

appointed, provides that if any debtor, in contemplation of insolvency, within one month before filing a petition by or against him, with a view to giving a preference, makes any "pledge, mortgage, assignment, transfer, sale, or conveyance, . . . with a view to prevent his property from coming to his assignee in insolvency, . . . or to evade any of the provisions of this act, . . . such pledge, mortgage, transfer, sale, assignment, or conveyance is void, and the assignee or the receiver may recover the property, or the value thereof, as assets of such insolvent debtor."

In this case the mortgage was made more than one month before the petition was filed. It was made in good faith and for value. There is no evidence in the record that it was made with any view to give a preference, or to prevent the property from coming into the hands of the assignee. There is therefore no authority in the statute authorizing the assignee to maintain this action. The plaintiff was evidently of this view when he drew his complaint, because he alleges the transfer to have been made on December 31, 1897, the date the defendant took possession of the property. He claims that the fact that defendant took possession on the last-named date shows a transfer on said date, but we do not think so. The defendant had the right to take possession of the mortgaged property any time after condition broken. Such possession, when taken, is a full protection to the mortgagee, and relates back to the date of the mortgage, if no intervening rights have accrued. (Jones on Chattel Mortgages, sec. 243; Cobbey on Chattel Mortgages, secs. 794, 795; *Sawyer* v. *Turpin*, 91 U. S. 120; *Broughton* v. *Vasquez*, 73 Cal. 325.) If the views above expressed are correct, it is not necessary to discuss the question as to whether or not the defendant had reasonable cause to believe Bauer insolvent on the thirty-first day of December, 1897, when it took possession of the said property. If its mortgage was valid, and authorized it to take possession, it had the right to do so, for the purpose of preventing creditors from taking or attaching the property.

It follows that the judgment and order should be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.