[Civ. No. 493. First Appellate District.—May 11, 1908.]

DONALD McRAE, Appellant, v. JOHN LACKMANN, as Sheriff of the City and County of San Francisco, Respondent.

MORTGAGE OF PERSONAL PROPERTY NOT UNDER CODE—VALIDITY—POSSESSION BY MORTGAGEE—ATTACHMENT—BURDEN ON SHERIFF TO JUSTIFY.—A chattel mortgage of personal property not mentioned in the code is valid between the parties; and where, by the terms of the mortgage, the mortgagee was in possession when the sheriff levied upon the property upon attachment against the mortgagor, the burden is upon the sheriff to justify, not merely by virtue of the writ, but by showing that the levy was made at the suit of one who was a creditor of the mortgagor.

ID.—ACTION BY MORTGAGEE FOR CONVERSION—IMPROPER JUDGMENT UPON DEMURRER TO COMPLAINT.—In an action brought by the mortgagee against the sheriff for conversion of the property taken from his possession, in which the complaint does not show upon its face that the levy was made at suit of a creditor of the mortgagor, a de-

murrer on the ground that the mortgage was not authorized by the code was improperly sustained, and a judgment rendered thereon against the plaintiff must be reversed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Julian Pinto, Warner Temple, Nathan C. Coghlan, and J. B. Gibson, for Appellant.

Geo. D. Squires, for Respondent.

HALL, J.—This is an appeal by plaintiff from the order of the court sustaining defendant's demurrer to plaintiff's third amended complaint, and from the judgment against plaintiff entered thereon.

The action is for conversion, for the taking from the possession of plaintiff certain personal property, which had been theretofore mortgaged to plaintiff by one E. A. Kosta to secure the sum of $1,500, loaned by plaintiff to Kosta, on the fifteenth day of January, 1902, to be repaid one month thereafter. By the condition of the mortgage, if Kosta made default in any payment, then plaintiff might take possession of the property. It is alleged that he did make default in such payment, and on the tenth day of April, 1902, plaintiff took possession of all of the mortgaged property. It is then alleged that "On the 11th day of April, 1902, and while plaintiff was justly in possession of said chattels and effects, the defendant, as sheriff as aforesaid, under a writ of attachment issued from the justice's court of said city and county, in an action wherein one W. S. Morrow was plaintiff, and the said C." (E?) "A. Kosta was defendant, levied on and seized all of the said chattels and effects included in said mortgage and schedule hereto, and converted the same to defendant's use, to the great detriment of plaintiff, to wit, to his damage in the sum of one thousand five hundred and eighty-five dollars."

Defendant seems to have based his demurrer upon the proposition that the articles covered by the mortgage are not such as may be mortgaged under our statute. But

whether they are or not the mortgage was good as between the parties thereto. (*Perkins* v. *Maier & Zohrlein Brewery,* 133 Cal. 496, [65 Pac. 1030]; *Bank of Ukiah* v. *Moore,* 106 Cal. 673, [39 Pac. 1071]; *Bank of Ukiah* v. *Gibson,* 109 Cal. 198, [41 Pac. 1008].)

By the terms of the mortgage plaintiff had the right to take possession of the articles upon default in the payments called for by the mortgage, and he was thus rightfully in possession when the writ was served. (*Perkins* v. *Maier & Zohrlein Brewery,* 133 Cal. 496, [65 Pac. 1030].) The writ was not issued against plaintiff, but was against Kosta, and it does not appear from the complaint that the plaintiff in the attachment suit was a creditor of Kosta, or was in any position to question the validity of the mortgage under which plaintiff was in possession of the articles taken by the sheriff.

According to the allegations of the complaint the defendant, as sheriff, took the property from the possession of plaintiff under a writ issued against Kosta, upon the suit of one Morrow.

"When the officer attaches property found in the possession of the defendant, he can always justify the levy by the production of the attachment writ, if the same was issued by a court or officer having lawful authority to issue it, and be in legal form. But when the property is found in the possession of a stranger claiming title, the mere possession of the writ will not justify its seizure thereunder; it rests upon the officer to go further, and prove that the attachment defendant was indebted to the attachment plaintiff. If in the attachment suit judgment was rendered in favor of the plaintiff, that will establish the indebtedness of the defendant; if not, the officer must otherwise prove the indebtedness in order to justify his proceeding." (Drake on Attachment, sec. 185a; *Brickman* v. *Ross,* 67 Cal. 601, [8 Pac. 316]; *Horn* v. *Corvarubias,* 51 Cal. 524; *Jones* v. *McQueen,* 13 Utah, 178, [45 Pac. 202].)

In *James* v. *Van Duyn,* 45 Wis. 512, it was held that an officer who seized property in possession of the mortgagee, under an attachment against the mortgagor, could not question the validity of the mortgage until he had shown that

the plaintiff in the attachment suit was a creditor of the mortgagor.

In the case at bar the property having been taken from the possession of plaintiff, a mortgagee, under a writ against the mortgagor, and it not affirmatively appearing from the complaint that the plaintiff in the attachment suit was a creditor of the mortgagor, or otherwise entitled to question the validity of the mortgage, defendant's demurrer should have been overruled.

The order and judgment are reversed.

Cooper, P. J., and Kerrigan, J., concurred.