[L. A. No. 2253.   Department Two.—August 13, 1909.]

H. P. LANE, as Trustee of the Estate of ADDIE L. ALLEN, a Bankrupt, Appellant, v. ALBERT F. TANNER et al., Respondents.

APPEAL—ALTERNATIVE METHOD—AUTHENTICATION OF EVIDENCE.—The new and alternative method of appeal embodied in sections 941a et seq. of the Code of Civil Procedure does not authorize the appellate court to consider the evidence offered at the trial, unless it is embodied in a statement of the case, a bill of exceptions, or a transcript approved by the judge in the manner provided in section 953a of that code.   Evidence embodied in the transcript on appeal, purporting to have been given at the trial, which is merely certified to by the court reporter, will not be considered.

ID.—FINDINGS SUPPORTING JUDGMENT FOR DEFENDANT.—If the findings as made support a judgment for the defendant, the failure to find on other matters of defense is immaterial.

ID.—APPEAL FROM JUDGMENT—PRESUMPTION OF SUPPORT OF FINDINGS.—In the absence of a bill of exceptions, the appellate court is bound to assume on an appeal from the judgment that the evidence justifies and sustains the findings.

BANKRUPTCY OF ONE PARTNER—SOLVENCY OF FIRM.—The filing of a petition in bankruptcy by a member of a partnership could only affect the bankrupt's property, and if the partnership is solvent could only give the bankrupt the right to have the solvent partner account.

ID.—CHATTEL MORTGAGE OF FIRM PROPERTY—POSSESSION TAKEN BY MORTGAGEE—SALE UNDER MORTGAGE AFTER FILING PETITION IN BANKRUPTCY.—Where a mortgagee of personal property belonging to a partnership takes lawful possession thereof in accordance with the terms of the mortgage, prior to the filing of a petition in bankruptcy by one of the members of the firm, such possession relates to the date of the mortgage, and a sale of the property in pursuance of the mortgage, after the filing of the petition, does not authorize the trustee of the bankrupt's estate either to sue for the property or its equivalent.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   Walter Bordwell, Judge presiding.

The facts are stated in the opinion of the court.

Ralph W. Schoonover, for Appellant.

G. H. Gould, for Respondents.

MELVIN, J.—This is an appeal from a judgment in favor of defendants. The plaintiff as trustee for Addie L. Allen, a bankrupt, seeks recovery for the alleged fraudulent conversion of property belonging to the firm of A. C. Williams & Co., in which Mrs. Allen was a partner. The complaint contains averments to the effect that on April 22, 1905, while Addie L. Allen's petition in bankruptcy was pending before the federal court, the defendants unlawfully conspired to take certain personal property of A. C. Williams & Co. situated at the dairy of said firm, and by means of a sale thereof, to convert it to their own use and benefit by applying it to the satisfaction of a pretended debt of defendant Williams, and thereby to hinder, delay, cheat, and defraud said Allen, her individual creditors and the creditors of the firm of which she was a member, and to prevent her and these creditors from subjecting said property to their just claims.

The answer, after traversing the material allegations of the complaint, set up by way of defense a certain chattel mortgage given by Williams and Allen in November, 1904, to secure the payment of a note in favor of Tanner, signed by Williams and his wife; and it is averred that on the thirty-first day of March, 1905, Tanner, in accordance with the terms of said mortgage lawfully took possession of the property described therein; advertised it for sale according to law; and that a portion of it was sold at public auction on the twenty-second day of April, 1905, to satisfy the said note. Another defense is urged, based upon a judgment dated May 13, 1905, in an action for an accounting brought by Allen against Williams, by which the court found that, in an accounting including all matters up to May 1, 1905, Allen was indebted to Williams in the sum of $561.07. This judgment is pleaded by way of estoppel of plaintiff's claim for any sum due from defendants, or any one of them, to plaintiff's bankrupt. According to the averments of the complaint, Mrs. Allen's petition in bankruptcy was filed on April 12, 1905; she was adjudged a bankrupt on December 5, 1905, and the appellant herein was subsequently selected as sole trustee of her estate. It will be seen that the date upon which Tanner received the property, according to the allegations of the answer, was before the filing of Mrs. Allen's petition in bankruptcy, but that the sale mentioned in both pleadings oc-

curred after the petition had been presented to the United
States district court.

Respondents call our attention to the fact that although
the transcript contains a large number of pages of purported
testimony certified by the court reporter, there is no properly
authenticated bill of exceptions.   Appellant freely admits
that he has neither prepared a bill of exceptions nor has
he given the notice prescribed by section 953a of the Code
of Civil Procedure, nor observed any of the other require-
ments of that section.   The contention in this behalf is that,
although no express method of bringing up the record is
provided by sections 941a, 941b, and 941c of the Code of
Civil Procedure, there is an implied power derived from the
provisions of those sections to bring up the testimony as
appellant has sought to do here.   This position is wholly un-
tenable.   The sections just mentioned provide a method where-
by appeals may be taken without the necessity of service of
notice upon opposing parties or attorneys.   When such notice
is filed the cause is transferred to the appellate court without
any further action on the part of appellant.   It is provided
that appeals taken by this method shall have the same force
as those taken pursuant to the provisions of sections 939, 940,
and 941 of the Code of Civil Procedure, "provided, however,
that any question may be reviewed therein, which question
could be reviewed upon an appeal taken pursuant to the
provisions of section 939 of this code and within sixty days
of the rendition of judgment." · But section 939 of the Code
of Civil Procedure provides for the time *within which* certain
appeals may be taken.   It contains no scheme for certification
of the testimony in the case.   That is furnished elsewhere in
the code.   If appellant's contention was correct, appeals might
have been taken under section 939 of the Code of Civil Pro-
cedure before the adoption of the new sections 941a, 941b,
and 941c, in 1907, and the testimony might have been con-
sidered without the necessity of a bill of exceptions or state-
ment of the case; but the universal practice has been to follow
those sections of the Code of Civil Procedure which provide
for the due presentation, settlement, and authentication of
such record of the testimony and proceedings.   Even if the
implied right for which appellant contends were conferred by
the cited sections, the certificate of the shorthand reporter

would not be sufficient. Nowhere is there provision for such certificate. The court or the judge alone is given power to make such a record authentic. But clearly the right to appeal from a judgment, order, or decree by the filing of appropriate notice with the clerk does not relieve appellant from the necessity of having either a statement or a bill of exceptions settled and certified; or having a transcript approved by the court as provided in section 953a of the Code of Civil Procedure, if he would have the court to which the appeal is taken consider the testimony as well as the judgment-roll. Section 953a itself indicates this when it points out two methods whereby one who desires to appeal or who *has appealed* from any judgment, order, or decree, may have the testimony sent to the higher court. This section was approved on the same day as sections 941a, 941b, and 941c of the Code of Civil Procedure. They all form a part of a scheme, or rather schemes of appeal, and are to be read together. We cannot consider the purported testimony which was erroneously inserted in the transcript. (*Sutton* v. *Symons,* 97 Cal. 475, [32 Pac. 588].)

It is stipulated by counsel that the judgment-roll is set forth on designated pages of the transcript and that it consists of "the pleadings, the orders made on demurrers and copy of the findings and a copy of the judgment herein, and that the judgment-roll herein contains no other document than those above named."

The findings and judgment are in accordance with the allegations of the answer, except that the court did not find with reference to the alleged estoppel of the judgment in Allen *v.* Williams. This was not necessary if the judgment on the other causes of defense is correct, and we hold that it is. There are findings that on April 12, 1905, Addie L. Allen and A. C. Williams each owned an undivided one-half interest in a certain dairy in Santa Barbara County and in the assets of such business subject to an accounting between the partners and payment of debts; that the averment of the complaint with reference to the bankruptcy proceedings and the appointment of appellant as trustee are true; and that the allegations of conversion are untrue. As there is no bill of exceptions, we are bound to conclude that the evidence justifies and sustains the findings. (*Mock* v. *City of Santa*

*Rosa,* 126 Cal. 340, [58 Pac. 826].) Additionally the court found that on November 18, 1904, Williams and his wife made a note for two thousand dollars payable to defendant Tanner or order before March 15, 1905, and that said Williams and said Allen executed the chattel mortgage which was copied in the answer; that the note was not paid when due; that Tanner took possession on March 31, 1905, of the personal property described in said mortgage and no other property of the firm or either of its members; that after due advertisement and actual notice to Allen and Williams, Tanner sold some of said property at public auction for the highest obtainable price; that the money so obtained was applied to the payment of the note, interest, and expenses of sale, and that the balance was paid to Williams; and that the property unsold was returned by Tanner to the copartnership. The court concludes, as matter of law, that the seizure, the sale, and the application of the proceeds were all in accordance with law.

We think the conclusions of law are thoroughly justified by the findings. The bankrupt's petition could only affect the bankrupt's property, and where the partnership is solvent could only give the bankrupt the right to have the solvent partner account. (Bankruptcy Act 1898, sec. 5h, [U. S. Comp. Stats. 1901, p. 3424].) But the bankrupt had no right to the possession of the mortgaged property at the time she filed her petition. The possession under the terms of the mortgage related to its date. As the seizure was authorized by the terms of the mortgage and lawful possession was taken of the property before the filing of the petition in bankruptcy, it follows that the trustee had no power to sue either for the chattels or their equivalent. (*Perkins* v. *Maier & Zobelin,* 133 Cal. 496, [65 Pac. 1030].)

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.