## HAUPT v. MOORE.

### No. 7605.

Circuit Court of Appeals, Ninth Circuit.
May 6, 1935.

Hogan & Thompson and Romaine Hogan, all of Los Angeles, Cal., for appellant.

Craig & Weller, of Los Angeles, Cal. (Thomas S. Tobin, of Los Angeles, Cal., of counsel), for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

■ On May 4, 1933, the bankrupt, which was engaged in a general trucking business, entered into what was called a conditional sales contract by which the bankrupt purported to purchase from the appellant Haupt the property then owned by the bankrupt. The possession of the property both before and after the sale remained in the bankrupt. The conditional sales contract was in effect a chattel mortgage. 5 Cal. Jur. 80, § 31; Bonestell v. Western Auto-Motive Finance Corp., 69 Cal. App. 719, 232 P. 734; Pacific Finance Co. v. Hendley, 103 Cal. App. 335, 284 P. 736, 285 P. 1048; Mercantile Acceptance Corp. v. Pioneer Co., 124 Cal.

App. 593, 12 P.(2d) 988. It was not executed in conformity with the law of California because it did not conform to the provisions of section 2957 of the Civil Code of California which requires a mortgage to be accompanied by the affidavits of both parties that it is made in good faith, and also that it be acknowledged and recorded in like manner as grants of real property. The chattel mortgage was therefore void as to creditors, although valid as between the parties. Section 2973, Civ. Code Cal.; Lemon v. Wolff, 121 Cal. 272, 53 P. 801; Adlard v. Rodgers, 105 Cal. 327, 332, 38 P. 889; 5 Cal. Jur. § 19, p. 64.

■ Thereafter, on June 23, 1933, the appellant took possession of the mortgaged property and sold the same for the sum of $7,488.60. The petition in bankruptcy was filed October 20, 1933. On June 26th, a chattel mortgage dated May 4, 1933, was prepared by the appellant; it was executed by the officers of the bankrupt without authority of the board of directors on June 26, 1933, and recorded June 29, 1933. May 4, 1933, was more than four months prior to the filing of the petition in bankruptcy, and June 23d, the date when appellant took possession of the personal property, was within the four months prior to the filing of the petition in bankruptcy. The appellant does not rely upon the chattel mortgage of June 26, 1933, but relies upon the theory that possession was taken under the conditional sales contract, and that although such possession was taken during the four months' period, it related back to the date of the giving of the conditional sales contract, or mortgage, May 4, 1933, and, consequently, was valid as against the trustee in bankruptcy.

In the case of Swift v. Higgins, 72 F. (2d) 791, we reviewed the California decisions with relation to the rights of a trustee in bankruptcy as against the holder of a chattel mortgage which was given prior to the four months' period and was not recorded until after the beginning of the four months' period. It was superseded by a new chattel mortgage executed during the four months' period which was promptly recorded. We considered this as the equivalent of a belated recordation of the original chattel mortgage, and held that as against the trustee in bankruptcy the transaction was voidable as a preference. This conclusion was predicated in part upon the theory that recordation was the equivalent of possession. In the case at bar, we have possession instead of recordation. If they

are equivalent, as we indicated in our opinion in Swift v. Higgins, supra, then the judgment of the lower court in favor of the trustee in bankruptcy for $7,488.60 should be sustained. In a case involving the rights of a trustee in bankruptcy as against a chattel mortgagee originally invalid as to creditors but valid as between the parties where possession was taken during the four months' period, the Supreme Court of California held that the transaction was voidable at the instance of the trustee in bankruptcy. Noyes v. Bank of Italy, 206 Cal. 266, 269, 274 P. 68. This case if followed by us is decisive of the question at bar. It was relied upon by us in the decision of Swift v. Higgins, supra. It is binding upon us in so far as it is determinative of the law of California.

The appellant relies strongly upon the decision of the California Supreme Court in Perkins v. Maier & Zobelein Brewery, 133 Cal. 496, 65 P. 1030. This decision deals with the rights of an assignee in insolvency under the state insolvency act, and, in view of the later decisions of the Supreme Court to which we have referred in Swift v. Higgins, we see no occasion for any discussion as to the earlier case relied upon by the appellant.

Decree affirmed.