[S. F. No. 1555.    Department Two.—February 18, 1901.]

ANGUS McLEOD, Respondent, v. AMELIA D. BARNUM, Appellant.

131 605
133 498

Mortgage—Leasehold Estate in Hotel Property.—A mortgage of a leasehold estate in hotel property for a term of eleven years, and of the hotel building and fixtures which the lessee has the right to remove at the end of the term, is of an interest in real estate, within the provision of section 2947 of the Civil Code.

Id.—Mortgage of Personal Property—Nonconformity to Statute —Validity Between Parties.—A mortgage of personal property not enumerated in the statute, and not accompanied by the affidavit, acknowledgment, and record provided for in cases of chattel mortgages allowed by the statute, is valid between the parties.

Id.—Mortgage for Purchase Money — Vendee in Possession—Defective Title.—The vendee who has received possession and maintains it without rescission of the contract of sale cannot, while in possession, defend against a mortgage given for the purchase money on the ground of an alleged defect in the title.

Id.—Evidence as to Contents of Letter—Harmless Ruling.—Where the recipient of a letter from the defendant was permitted to testify without objection to the contents of the letter, and was fully cross-examined by the defendant as to such contents, error in permitting another witness to testify as to its contents, on the ground that the loss of the letter had not been proved, is harmless.

Id.—Proof of Title—Bill of Sale.—A bill of sale, which was a link in the chain of title to the mortgaged property, which the defendant objected to as defective, was properly admitted in evidence.

APPEAL from a judgment of the Superior Court of Marin County and from an order denying a new trial. F. M. Angellotti, Judge.

The facts are stated in the opinion of the court.

Crandall & Bull, for Appellant.

W. M. Cannon, and Hepburn Wilkins, for Respondent.

THE COURT.—Appeal from judgment and order denying a new trial. On the thirteenth day of March, 1896, one Helen

M. Atwater was the owner and in the possession of a certain lot in Tiburon, Marin county, and a lease thereof for the term of eleven years from the fifteenth day of February, 1896, at a monthly rental of fifteen dollars per month, with a two-story frame building thereon known as the El Dorado Hotel, together with the furniture, bar, and bar fixtures and other personal property in and connected with said hotel. By the terms of the lease the lessee was given the right to remove all improvements then on the said lot or that might be thereafter placed thereon at the termination thereof, upon complying with the conditions therein named. On said day the defendant purchased of said Helen M. Atwater the lease, improvements on the leased premises, furniture in the hotel, bedding, cooking utensils, bar and bar fixtures, wines, liquors, and other personal property in and about the hotel for the sum of nineteen hundred and fifty dollars. As part of the purchase price for all of the aforesaid property the defendant executed to plaintiff the promissory note set forth in the complaint for the sum of five hundred dollars, and at the same time executed and delivered to plaintiff a mortgage, which mortgage recited that the mortgagor mortgaged "that certain lot, piece, or parcel of land [describing lot], and including the building and improvements on said land known as the El Dorado Hotel, . . . . and all the interest of the mortgagor in said land, . . . . the said interest being a leasehold interest under that certain lease from Israel Kashaw to Helen M. Atwater, dated the seventeenth day of February, 1896." The plaintiff acted as the agent for said Helen M. Atwater in taking said note and mortgage.

After the said sale and the execution of the said note and mortgage the defendant went into possession of the said leased premises and personal property. The said promissory note has not been paid nor the interest thereon. The court filed findings and by its judgment and decree directed a sale of the mortgaged premises to satisfy the judgment. It is contended that the mortgage was of personal property—and of personal property not enumerated in Civil Code, section 2955—and for that reason void even between the parties. The mortgage was of an interest in real estate and, therefore, within the provision of section 2947 of the Civil Code. If the property mortgaged

were personal property, the mortgage would be valid as between the parties. (*Bank of Ukiah v. Moore*, 106 Cal. 673; *Bank of Ukiah v. Gibson*, 109 Cal. 197; *Tomlinson v. Ayres*, 117 Cal. 572.) It is said that by the amendment of 1895 to the Civil Code, section 2955, after the words "mortgages may be made upon the following personal property," the words "and none other" were added, and that since the amendment a mortgage of personal property not enumerated is absolutely void even between the parties. We do not think such is the law, neither do we think the legislature intended any such consequence. It would require very plain and imperative language to convince us that the legislature intended to prevent parties from making a mortgage upon any personal property, as between themselves, where the rights of no third parties are involved.

In section 2957 it is provided that a mortgage, unless accompanied by the affidavit required by the statute and acknowledged and recorded, is void as to creditors and subsequent purchasers and encumbrancers for value. But the mortgage is, without the affidavit or acknowledgment, good between the parties. A law that would prohibit competent parties from making a valid contract as between themselves, where no rights of third parties intervene and no public policy is violated, would be a very serious infringement of the right of making contracts.

The defendant in her answer alleged that the title to the property is and was defective, and that she has never been given a good and valid title to the said property. The court found in finding 1 that defendant did receive a good title to the property. The different steps or links in the chain of title are very fully and minutely set out. Defendant's counsel have devoted several pages of their brief in attempting to show that the different and independent parts of this finding are not supported by the evidence.

It is unnecessary to examine the specifications as to the insufficiency of the evidence to sustain the finding, for the reason that the court found—and the finding is sustained by the evidence—that defendant "ever since the thirteenth day of March, 1896, held and retained, and now holds and retains, the possession of all the said property, and has ever since said day had

the use and profits thereof." The law will not allow a vendee to obtain possession of property under a contract of sale, and, while in possession, to defend against an action for the purchase money upon the ground of the title being defective. (*Peabody v. Phelps*, 9 Cal. 213; *Hicks v. Lovell*, 64 Cal. 18; *Gross v. Kierski*, 41 Cal. 112.) In this case the plaintiff seeks to foreclose upon the property mortgaged, and defendant seeks to retain possession and prevent the foreclosure upon the ground that the title of the vendor was and is defective. If the title could be tried in this way and should be found defective, the defendant might retain possession forever, without paying the amount she agreed to pay or restoring the plaintiff to his former rights. The court found: "That the said cross-complainant never rescinded or offered to rescind with said Helen M. Atwater the purchase which was made by the said cross-complainant of the said hotel and leasehold interest and personal property described in the said cross-complaint, or the contract which was made between the said cross-complainant and the said Helen M. Atwater with relation thereto, and that the said cross-complainant never returned or offered to return to the said Helen M. Atwater any of the property mentioned and described in the said cross-complaint." This finding is not challenged.

In view of the finding that defendant has remained and is in possession of the property, and that she has made no attempt at rescission, and that she has not paid the note, it becomes unnecessary to discuss all the criticisms of findings made in appellant's brief. The material findings are supported by the evidence, and it would serve no useful purpose to discuss the evidence as to those which are immaterial. The witness Cochrane, while on the stand, was permitted, under defendant's objection, to state the contents of a letter written by defendant to one Mrs. Delcroix, and it is now urged that such ruling was prejudicial error. The principal objection to the contents of the letter being given in evidence was that the loss of the letter had not been proven. The witness testified that in the letter defendant offered Mrs. Delcroix three thousand five hundred dollars for the property, twelve hundred dollars cash, and the balance in installments of five hundred dollars every six months. We regard the evidence as immaterial, and therefore harmless. But

if it were material, appellant is not in a position here to avail herself of the error. The witness Delcroix was permitted to testify without objection to the contents of the letter in her direct examination. She gave the contents substantially as given by Cochrane. Appellant's counsel fully cross-examined her as to the letter and its contents. There is no contradiction of the evidence of either of these witnesses as to such contents. The appellant, therefore, did not object to the evidence as to the contents of the letter when such evidence was first offered. Not only this, but she fully interrogated the witness as to such contents. She will not now be allowed to say that it was error for the subsequent witness to be questioned concerning the contents of the letter. If the objection had been sustained, the record would still contain the evidence of Mrs. Delcroix as to the contents of the letter. A bill of sale of the property from Jane Delcroix to James W. Cochrane was offered in evidence. To this defendant objected upon the ground that it was immaterial, irrelevant, and incompetent. The admission of the bill of sale is now claimed to be error. Defendant had denied the title of plaintiff to the property and alleged that the title was defective. This bill of sale was a link in the chain of title, and made apparently necessary by the defense interposed by defendant. The defendant objected to the title as being defective and objected to all proof offered by plaintiff to show that it was not defective. It would be trifling with justice to say such ruling was error. We have examined the other assignments of error, but they require no special notice. We find no error that would justify a reversal of the case.

The judgment and order are affirmed.