[Civil No. 2078. Filed October 15, 1923.]

[218 Pac. 990.]

## AETNA INSURANCE COMPANY, a Corporation, Appellant, v. FRANK ITULE and WAKEEN ABRAHAM, Doing Business Under the Style and Firm Name of ITULE & ABRAHAM, Co-partners, and FEDWAY ABRAHAM, Appellees.

1. INSURANCE — STATUTE MAKES PROVISIONS OF CONTRACT PART OF STATE LAW.—The provisions of a policy of fire insurance, written in statutory form, *held* to become a part of the law of the state by virtue of Civil Code of 1913, paragraph 3440.

2. INSURANCE—INSURER HELD NOT TO HAVE WAIVED FORFEITURE BE-CAUSE OF ENCUMBRANCE AND FALSE STATEMENTS IN PROOF OF LOSS, BY CALLING FOR ADDITIONAL PROOF OF LOSS AND DEMANDING EXAMINATION.—Insurer's right, under Civil Code of 1913, paragraph 3440, to forfeit fire policies because of chattel mortgage on property, and failure of proof of loss to disclose it and the nature of insured's interest in insured property, *held* not waived, in view of paragraph 3447, by the act of insurer's adjuster in calling for additional proof of loss and demanding insured's examination under oath after information had come to him of the chattel mortgage.

3. ESTOPPEL — "WAIVER" IS AN INTENTIONAL RELINQUISHMENT OF KNOWN RIGHT.—"Waiver" is an intentional relinquishment of a known right.

4. INSURANCE—INSURER HELD NOT TO HAVE WAIVED FORFEITURE BY ACCEPTANCE OF PREMIUM AFTER LOSS.—Insurer's right, under Civil Code of 1913, paragraph 3440, to forfeit fire policies because of chattel mortgage on the property, and failure of proof of loss to disclose it and the nature of insured's interest in insured property, *held* not waived, merely because insurer accepted, after loss, payment of a portion of the premiums, where such portion was due and

---

2. Giving chattel mortgage as within prohibition in policy against assignment or changing of interest of insured, see note in Ann. Cas. 1918D, 862.

4. Effect of acceptance of premiums as waiver of provision of policy as to form of receipt therefor, see note in 18 L. R. A. (N. S.) 1219.

See 26 C. J., pp. 81, 293, 325, 335, 337; 40 Cyc. 252.

should have been paid when the policies were issued, and insurer, at the time of acceptance of the premium, did not know of the chattel mortgage.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. W. A. O'Connor, Judge. Reversed.

Mr. Duane Bird and Mr. W. W. Hindman, for Appellant.

Mr. Leslie C. Hardy and Messrs. Winter, McBroom & Scott, for Appellees.

LYMAN, J.—This is an action by Frank Itule and Wakeen Abraham and Fedway Abraham to recover on account of loss by fire, damaging the furniture and fixtures of a motion picture theater. This property at the time of the fire was covered by six policies of fire insurance, all written in the month of December, 1918. One of these policies, written by Ætna Insurance Company, the appellant herein, is made the basis of this action. Separate actions were instituted upon all the other policies. The six cases were consolidated and tried together, resulting in judgments for the plaintiffs in all instances for the full amounts of the insurance, aggregating the sum of $11,000, with 15 per cent penalty, and attorney fees in the aggregate of $3,000. From all these judgments, except one, appeals were taken to this court, and were all argued and submitted together.

It does not appear from any of the policies of insurance that the appellees were other than the absolute owners, without encumbrance, of the property insured. The fire occurred in February, 1919. All the insurers joined in the appointment of an agent to adjust the loss. A few days after the fire the agent visited the locality, met the appellees, and furnished them with printed forms upon which to

make proof of loss. Such proofs were submitted in the month of March following. To these proofs the agent objected, upon the ground that they were not sufficiently explicit. His letter stating these objections disclaimed that he waived any defense of the insurers to the claims of appellees. In the month of April following further proofs of loss were made by the appellees. In the month of June the adjusting agent asked permission to examine appellees under oath in reference to all matters pertaining to their loss. This request explicitly reserved to the insurers all right of forfeitures which might exist under the policies of insurance. In compliance with this request appellees submitted to examination, and their testimony was finally completed and submitted in the following August.

From this examination it appears, what was not disclosed either in the policies of insurance or proofs of loss, that the insured property was much of it held by appellees under contracts of conditional sale, by the terms of which title to the property was vested, not in the appellees, but in the vendors, and that between the time of writing of the policies and the fire all of the insured property had been encumbered by at least one chattel mortgage to one Wardy. These loans amounted to about $10,000. The highest estimate of the value of property covered by the insurance was fixed at $15,000. The insurers declined to pay the loss, upon the ground that appellees had violated their contract of insurance by encumbering the insured property by a chattel mortgage to one Wardy, which remained uncanceled at the time of the loss, and by failure to disclose the existence of this chattel mortgage and the nature of their interest in the insured property in their proof of loss.

These contracts of insurance were written in accordance with the standard form prescribed by

the statutes of this state. Paragraph 3440, Civ. Code Ariz. 1913. By this requirement of the statute the provisions of the contract become a part of the law of the state. Two of the provisions of that contract are:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if the subject of insurance be personal property, and be or become encumbered by a chattel mortgage."

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

Appellees do not seriously question the fatal effect of this chattel mortgage, and the false statement with reference to it, and to the title of the insured property at the time of loss, contained in their proof of loss. Aside from the *ipse dixit* of the statute that such means shall work a forfeiture of the contract, it is perhaps worth noting that these provisions are not based upon the mere arbitrary whim of the lawgivers, but have their source in sound reason, and are based upon the necessities of the insurance business.

"The purpose of these provisions is to prevent a party who holds an undivided, or contingent, but insurable, interest in property from appropriating to his own use the proceeds of a policy taken upon the valuation of the entire and unconditional title, as if he were the sole owner, and to remove from him the temptation to perpetrate fraud and crime." *Groce* v. *Phoenix Ins. Co.,* 94 Miss. 201, 48 South. 298.

This objection is met by the appellees with the contention that, even though the appellees had forfeited their right to recover, such forfeiture had been waived, first, by the payment after loss of a portion of the premiums and its acceptance by the agents of the insurance companies without objection, and also by the act of the adjuster in calling for proof of loss, and demanding examination of appellees under oath after the information had come to him of the Wardy mortgage. The adjuster appears to have first had notice of the Wardy mortgage by an examination by him of the records in the office of the county recorder a few days after the fire. Appellees testified that, before filing any proof of loss, they told the adjuster of the Wardy mortgage. The adjuster denies receiving such information; but, even if he did, the effect of it was nullified by subsequent proof to the contrary. Had the original proof of loss disclosed the true facts with reference to this mortgage, the subsequent requirement of the adjuster of additional proof of loss and examination under oath of the appellees might with some show of reason have been urged as a ground of waiver.

In any event, the appellees cannot be heard to base any right upon the action taken by the adjuster upon the faith of their own sworn statement. The agent had a right to assume that the appellees knew whether there was a mortgage still in existence, and also had a right to assume that the appellees were not perjuring themselves. It seems somewhat strange that they should blame the adjuster for either one of these assumptions. It might have. been that the mortgage had been paid off and discharged before the fire. The appearance upon the record of such a mortgage was far from conclusive of its existence at the time of loss, and the agent undoubtedly

had the right to take the appellees at their word under oath.

While the law abhors a forfeiture, it must sometimes enforce it. Waiver of a right, even the right of forfeiture, cannot be predicated upon a course of action into which one has been lured by a false statement of those claiming the benefit of the forfeiture. It is elementary that waiver is an intentional relinquishment of a known right. *Currie* v. *Continental Casualty Co.,* 147 Iowa, 281, 140 Am. St. Rep. 300, 126 N. W. 164.

"No man ought to allege anything but the truth for his defense, and what he has alleged once is to be presumed true, and therefore he ought not to contradict it." Coke, Litt. 352a.

The other ground of waiver claimed by the appellees is even less tenable, that portion of the premium paid after the loss was due and might have been exacted and should have been paid when the policies were issued. Nor does it appear that the acceptance of this premium by the agents of the company was with any notice whatever of the Wardy mortgage.

Every agent invested with the duty of adjusting losses by fire is required by the laws of the state to perform certain duties in his investigation, to determine whether or not there is overinsurance, and to learn all facts and circumstances pertaining to the origin or happening, hazard or peril insured against, and where evidence exists that fraud has been committed, or attempted to be committed, he shall promptly report the same to the Corporation Commission and to the fire marshal. Paragraph 3447, Rev. Stats. Ariz. The agent derives his information partly from the proof of loss made by the insured, and partly by an examination under oath of the persons claiming insurance. The policy provides that:

"The insured as often as required . . . shall submit to examination under oath by any person named by this company, and shall subscribe the same."

In view of the admitted falseness of the proof of loss submitted by appellees, the agent would not have performed his full duty had he failed to pursue the examination further by an interrogation of the persons, who in this instance happened to be the appellees, who were best able to disclose all of the facts involved. The trouble and expense connected with such examination, of which appellees complain, involved only their appearance as witnesses and testifying before a notary public. There is nothing in these acts of the adjuster which could by any possibility be construed under the circumstances as making it inequitable for the insurance company to stand upon their rights as disclosed by such examination. The purpose and policy of the statutes is to encourage full investigation of losses by fire, rather than to discourage such investigation by penalizing the insurer for the acts of its agent in making such investigation.

If there could arise any uncertainty as to the effect of this investigation upon the rights of the insurers to stand upon their policy contract, such uncertainty would be dispelled by the terms of the policy itself, which is at the same time a provision of statute, and is as follows:

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal, or to any examination herein provided for."

*Wheaton* v. *North British & Mercantile Ins. Co.,* 76 Cal. 415, 9 Am. St. Rep. 216, 18 Pac. 758; *Clover Crest Stock Farm, Inc.,* v. *Wyoming Valley Fire Ins. Co.,* 177 N. Y. Supp. 771, 108 Misc. Rep. 465; *Man-*

*heim* v. *Standard Fire Ins. Co.,* 84 Wash. 16, 145 Pac. 992; *Ruthven* v. *American Fire Ins. Co.,* 92 Iowa, 316, 60 N. W. 663; *Bakhaus* v. *Germania Fire Ins. Co.,* 176 Fed. 879, 100 C. C. A. 349; *Fireman's Fund Ins. Co.* v. *Sims,* 115 Ga. 939, 42 S. E. 269.

The judgment is reversed and the cause is remanded, with directions to dismiss the complaint.

McALISTER, C. J., and ROSS, J., concur.