[Civil No. 2487.   Filed October 28, 1926.]

[250 Pac. 248.]

HARTFORD FIRE INSURANCE COMPANY, a Corporation, Appellant, v. LLOYD F. JONES, Appellee.

Mr. W. W. Hindman and Messrs. White & Mc-Murchie, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman and Mr. R. M. Butler, for Appellee.

LOCKWOOD, J.—On the twenty-fifth day of July, 1923, John K. Akers was a merchant residing in

Flagstaff, Arizona, and running a grocery known as the "Cash 'N' Carry Store." On that date he and his wife executed a chattel mortgage to Lloyd F. Jones, hereinafter called plaintiff, as security for the payment of the $3,500, the property mortgaged being described as follows:

"All that certain grocery store located in the premises known as No. 6 Leroux street, Flagstaff, Arizona, consisting of all stock, fixtures and appurtenances appertaining thereto and any and all stock or fixtures that may be added thereto. . . . "

On the twelfth day of July, 1924, the Hartford Fire Insurance Company, a corporation, hereinafter called defendant, issued to Akers a fire insurance policy covering the following described articles: "Then owned by the said John K. Akers while located and contained in the storeroom at No. 8 on the east side of North Leroux street in block 149, Sanborn map, page 9, in the town of Flagstaff, Arizona, to wit, merchandise of every description, consisting principally of groceries and store furniture, fixtures and equipment"—it being admittedly the same property as that covered by the mortgage. The policy contained, among other things, this provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if the subject of insurance be personal property and be or become incumbered by a chattel mortgage. . . . "

On November 9th, 1924, the property so insured was damaged by fire, and November 11th Akers assigned his interest in the policy to plaintiff. Proof of loss was made, but on December 4th the defendant in writing denied all liability under the policy, and thereafter plaintiff commenced this action in the superior court of Maricopa county. The defendant set up as a defense the execution and delivery of the

chattel mortgage as aforesaid, claiming it to be a breach of the conditions of the policy of insurance which rendered the latter void. The matter was tried on a stipulation of facts substantially as above, with the addition that it was agreed the amount of the damage to the property was $1,810.20, and that if the statutory penalty and attorney's fee provided by paragraph 3441, Revised Statutes of Arizona of 1913 (Civil Code), should be payable at all under the law and the facts, the penalty would amount to $271.53 and the attorney's fee to $300. On September 14, 1925, the trial court entered judgment against defendant for the amounts above set forth, and, a motion for new trial having been overruled, an appeal was taken to this court.

There is no question that under the law of this state when a policy of fire insurance contains a provision of the nature above quoted, and substantially all of the property covered by the insurance policy is encumbered by a chattel mortgage, the policy is void and the insurer can set up the encumbrance as a good defense in an action to recover on it. *Aetna Ins. Co.* v. *Itule et al.*, 25 Ariz. 446, 218 Pac. 990.

Nor, indeed, does plaintiff deny this to be the rule. He contends, however, first, that to void the policy the mortgage must cover substantially all of the property insured; and, second, since the mortgage in question expressly includes a stock of goods, wares and merchandise exposed for sale to the general public in the regular course of business, it is so far void under the provisions of paragraph 4125, Revised Statutes of Arizona of 1913 (Civil Code), or, if not void as between the parties, nevertheless is not an "encumbrance" upon that part of the property insured, and therefore not within the condition of the policy above set forth.

Paragraph 4125, *supra,* reads as follows:

"Every mortgage, deed of trust or other form of lien attempted to be given by the owner of any stock of goods, wares or merchandise daily exposed to sale, in parcels, in the regular course of the business of such merchandise, and contemplating a continuance of possession of said goods and control of said business, by sale of said goods by said owner, shall be deemed fraudulent and void."

We know of no other code with a provision exactly like the one quoted above, but defendant contends the decisions of the Supreme Court of California on a statute covering the same subject are in point. Plaintiff, on the other hand, insists the California law is so different that the cases from that state are not applicable. Section 2955 of the Civil Code of California, as originally enacted, reads as follows:

*"What Personal Property may be Mortgaged.—*Mortgages may be made upon all growing crops, including grapes and fruit, and upon any and all kinds of personal property, except the following: . . .
"(3) The stock in trade of a merchant. . . . "

In construing this statute the Supreme Court of California in the case of *Tregear* v. *Etiwanda W. Co.,* 76 Cal. 537, 9 Am. St. Rep. 245, 18 Pac. 658, said:

"The property involved here is not of the class upon which a chattel mortgage, as defined by statute, may be given. It may, however, as between the parties, be mortgaged. . . . It would, of course, under our statute, have been void as to creditors and subsequent purchasers in good faith for a valuable consideration, but there are no such persons here complaining."

And this decision was followed in the case of *Works* v. *Merritt,* 105 Cal. 467, 38 Pac. 1109. The statute was later amended in California to make it read, "Mortgages may be made upon the following personal property and none other, . . . " (Stats. 1895, p. 57), the stock in trade of a merchant being ex-

cluded, and the court thereafter in the case of *McLeod* v. *Barnum,* 131 Cal. 605, 63 Pac. 924, held:

"It is contended that the mortgage was of personal property—and of personal property not enumerated in Civil Code, section 2955—and for that reason void even between the parties. . . . It is said that by the amendment of 1895 to Civil Code, section 2955, after the words 'mortgages may be made upon the following personal property,' the words 'and none other' were added, and that since the amendment a mortgage of personal property not enumerated is absolutely void even between the parties. We do not think such is the law, neither do we think the Legislature intended any such consequence. It would require very plain and imperative language to convince us that the Legislature intended to prevent parties from making a mortgage upon any personal property, as between themselves, where the rights of no third parties are involved. . . . A law that would prohibit competent parties from making a valid contract as between themselves, where no rights of third parties intervene and no public policy is violated, would be a very serious infringement of the right of making contracts."

And the same ruling was made in the case of *Perkins* v. *Maier & Zobelein Brewery,* 133 Cal. 496, 65 Pac. 1030.

We are in full accord with the Supreme Court of California in its statement that "a law that would prohibit competent parties from making a valid contract as between themselves, where no rights of third parties intervene and no public policy is violated, would be a very serious infringement of the right of making contracts," and, further, that it would "require very plain and imperative language to convince us that the legislature intended to prevent parties from making a mortgage upon any personal property, as between themselves, where the rights of no third parties are involved." Indeed, there is grave doubt

as to whether, if the statute must have the construction placed upon it by plaintiff, it is constitutional. As is well said in the case of *Ex parte Hayden,* 147 Cal. 649, 109 Am. St. Rep. 183, 1 L. R. A. (N. S.) 184, 82 Pac. 315:

"It has come to be well recognized that the liberty and the pursuit of happiness, in which the individual is protected by the Constitution of the United States and of the state, apply as fully to his *right of contract,* his right to follow a legitimate vocation untrammeled by unnecessary regulations, as it does to the freedom of arrest or restraint of his person. . . . The right of the state to impose burdens upon such property where the business is legitimate and innocuous, in other words, to regulate harmless vocations, is found in the police power alone. [Citing cases.] The police power, deriving its existence from the rule that the safety of the people is the supreme law, justifies legislation upon matters pertaining to the public welfare, the public health, or the public morals. [Citing cases.]

"But the Legislature, under the guise of police regulations, cannot enact laws which do not pertain to one or the other of these objects, and which impose onerous and unnecessary burdens upon business and property. . . . 'This principle is stated very forcibly in the case of *Mugler* v. *Kansas,* 123 U. S. 661, 31 L. Ed. 205, 8 Sup. Ct. Rep. 273 (see, also, Rose's U. S. Notes), in the following language: ''The courts are not bound by mere forms, nor are they to be misled by mere pretense. They are at liberty—indeed, are under a solemn duty—to look at the substance of things whenever they enter upon the inquiry whether the Legislature has transcended the limits of its authority. If, therefore, a statute purporting to have been enacted to protect the public health, the public morals, or the public safety has no real or substantial relation to those objects, or is a palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the constitution.'' ' The propositions here enunci-

ated have received the sanction of all the courts, and may not be gainsaid. . . . ''

While there may be cases wherein the legislature under the police power can prohibit and make void, even as between the parties, certain classes of contracts innocent in themselves, yet such cases are so rare that every presumption is against the legislature having intended so to do, unless in the clearest and most explicit language it has so stated, and if under any reasonable construction we can hold that such was not its intention, it is our duty to adopt that view if possible, and to save the statute, rather than to approve a contrary theory and perhaps be under the painful necessity of declaring it unconstitutional.

Examining the section in question, it is obvious that its purpose is to protect the innocent purchaser of merchandise exposed to sale in the regular course of business from taking it subject to a hidden and superior lien. A law effectuating this purpose is of course well within the police power, but every protection intended to be given by the law is subserved by holding a mortgage of such a nature to be void only as against innocent third parties, and the very use of the word ''fraudulent'' in the section would seem to imply that it was the rights of such third parties only which the legislature was attempting to protect. We therefore are of the opinion that, under the provisions of paragraph 4125, *supra,* the mortgage in question was a chattel mortgage valid as between the parties.

But it is contended that, notwithstanding this, the mortgage is not, within the meaning of the policy, an ''encumbrance,'' so it does not render the latter void. We have held in the recent cases of *Central Finance Corp.* v. *Norton-Morgan Com. Co.,* 23 Ariz. 517, 205 Pac. 810, and *Brown* v. *Schwab,* 27 Ariz. 457, 39 A. L. R. 150, 233 Pac. 593, that a chattel mortgage

does not pass title but is merely a lien. Now, an encumbrance, as defined by Webster, is "a burden or charge upon property; a claim or lien upon an estate which may diminish its value," and a lien is defined as "a charge on property for the payment of a debt or duty, and for which it may be sold in discharge of the lien." 5 Words and Phrases, 4144.

It is evident that if the chattel mortgage in question was good as between the parties it was, within the definitions above quoted, a lien and an encumbrance. The mere fact that other superior rights might, under some circumstances, attach to the property no more affects its being such than the existence of a prior mortgage divests a junior one of that character. And an instrument of this nature is undoubtedly within the spirit of the clause in the insurance policy. As was stated in *Aetna Ins. Co.* v. *Itule, supra:*

"Aside from the *ipse dixit* of the statute that such means shall work a forfeiture of the contract, it is perhaps worth noting that these provisions are not based upon the mere arbitrary whims of the lawgivers, but have their source in sound reason, and are based upon the necessities of the insurance business. 'The purpose of these provisions is to prevent a party who holds an undivided, or contingent, but insurable, interest in property from appropriating to his own use the proceeds of a policy taken upon the valuation of the entire and unconditional title, as if he were the sole owner, and to remove from him the temptation to perpetrate fraud and crime.' *Groce* v. *Phoenix Ins. Co.,* 94 Miss. 201, 48 South. 298 [22 L. R. A. (N. S.) 732]."

A lien which was good merely as between parties would afford the same temptation to the owner as one valid as to all persons. So long as he knows he has only a partial interest in the property, it matters not to him to whom the balance belongs.

For the foregoing reasons, we hold that the chattel mortgage in question was valid as between the parties, and an encumbrance upon the personal property insured, and therefore its existence was a good defense in an action upon the policy. The judgment of the superior court of Maricopa county is reversed and the cause remanded, with instructions to enter judgment for appellant.

McALISTER, C. J., and ROSS, J., concur.