### In re BIG BLUE MIN. CO.

#### No. 26189–S.

District Court, N. D. California, S. D.

Aug. 24, 1936.

Maurice E. Gibson, of San Francisco, Cal., for petitioner.

Robert Beale and Goodman, Bachrack & Brownstone, all of San Francisco, Cal., for debtor.

ST. SURE, District Judge.

Traylor Engineering & Manufacturing Company, a corporation, petitions to vacate an order of this court made April 29, 1936, approving, adopting, and confirming an order of the referee made on January 13, 1936, and that a rehearing be had.

Objection is made by the bankruptcy trustee on the grounds that there is no authority for the granting of a rehearing on a petition for review of the referee's order provided for by the bankruptcy rules of this court; that the contentions urged by the petitioner for a rehearing were exhaustively argued when the referee's order was before this court the first time; and that there are no errors of law in the record or decision.

Petitioner relies upon General Rule 44 of this court, which reads as follows: "Motions for a new trial and petitions for rehearing shall in all cases be made to the Court either before the entry of judgment or decree, or within ten days after receiving written notice thereof, or within ten days after verdict, if the trial was by jury. The party making such motion or petition shall file with the Clerk and serve upon the adverse party a notice of his motion for a new trial or petition for a rehearing, to which the adverse party shall have ten days after such service in which to serve and file his reply."

Rule 44 was not intended nor does it apply to the situation here presented. The rule deals only with "motions for a new trial and petitions for rehearing" which come before the court in the first instance. In passing upon a petition for review of a referee's order, "The proceeding is in substance an appeal from the court of bankruptcy—i. e., the referee—to the District Court." In re Pearlman (C.C.A.) 16 F. (2d) 20, 21. If petitioner was dissatisfied with the ruling of this court of April 29, 1936, it should have appealed therefrom to the Circuit Court of Appeals, as provided in the Bankruptcy Act (sections 24 and 25, as amended [11 U.S.C.A. §§ 47, 48]). "A new hearing should not be had simply to allow a rehash of old arguments. The proper remedy for errors of the court on points argued in the first hearing is to be sought by appeal, when the decree is one which can [be] reviewed by an appellate tribunal." Giant Powder Co. v. California Vigorit Powder Co. (C.C.) 5 F. 197, 201, 202.

But it may not be amiss to advert to the ruling of the referee approved by this court, to which the petitioner earnestly objects. Petitioner sought reclamation against the bankrupt's estate upon a conditional sales contract which was not recorded as provided in section 2980 of the Civil Code of California as amended in 1933 (St. 1933, p. 863), which section, so far as pertinent here, reads as follows: "Every conditional sales contract * * * on equipment and machinery used or to be used for mining purposes, must be * * * recorded within twenty days after its execution in the office of the recorder of the county where the property is situated; otherwise, it shall be void as to the lien of the seller against bona fide purchasers, encumbrancers and those having no actual knowledge of the contract who become creditors of the buyer while said property is in the possession of the buyer."

The referee denied reclamation, basing his decision upon section 2980 as amended in 1933, and section 47 of the Bankruptcy Act, as amended in 1910 (11 U.S.C.A. § 75), providing for the duties of bankruptcy trustees as follows: "And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

The petitioner admitted that "said conditional sales contract was not recorded within twenty days after its execution; and that as against (1) 'bona fide purchasers,' (2) 'encumbrancers' and (3) those having no actual knowledge of the contract who became creditors of the buyer while said property was in the possession of the buyer, it would be void."

Under the admitted facts and the statutes above quoted, the referee held that the conditional sales contract was void and that the bankruptcy trustee had a lien as an encumbrancer against impounded funds in the estate.

The decision turned on the interpretation of section 2980, Civil Code, as amended in 1933, when considered with section 47 of the Bankruptcy Act, as amended in 1910 (11 U.S.C.A. § 75). Petitioner argues that the protected classes in section 2980 are "bona fide purchasers, encumbrancers, and those having no actual knowledge of the contract who became creditors of the buyer while said property is in the possession of the buyer." It is contended that the adjective "bona fide" modifies the noun encumbrancers as well as purchasers. Fur-

52

ther quoting petitioner: "The juxtaposition of the nouns, separated only by a comma, and preceded by the adjective modifying each of said nouns, compels such an interpretation. Therefore, having constructive notice of the conditional sale contract arising through the prior recording, Debtor, and derivatively, its Trustee, could not have been a bona fide encumbrancer and within the protection of the statute * * *."

In order to sustain the contention of petitioner that the words "bona fide" modify the word "encumbrancers," the court would be compelled to ignore established rules of statutory construction. "All statutes must be construed with reference to well-known general principles and rules of law existing at the times of their enactment." Whitney v. Dodge, 105 Cal. 192, 200, 38 P. 636, 638. "A familiar and fundamental rule for the interpretation of a legislative statute is that it is presumed to have been enacted in the light of such existing judicial decisions as have a direct bearing upon it." In re Estate of Moffitt, 153 Cal. 359, 361, 95 P. 653, 654, 1025, 20 L.R.A.(N.S.) 207. To disregard the comma following the word "purchasers" and to change the position of the words "bona fide" so as to modify the word "encumbrancers" would be to assume that the Legislature gave no heed to the provisions of the Federal Bankruptcy Act dealing with powers of trustees in bankruptcy proceedings and the interpretation of the Supreme Court of the State of California with reference to said Federal statute. The State Supreme Court interpreted section 47 of the Bankruptcy Act, as amended in 1910, in Noyes v. Bank of Italy, 206 Cal. 266, 270, 274 P. 68, 70, holding that by its provisions "the trustee was intended to be placed in the position of a lien creditor who would, but for the bankruptcy proceeding, be entitled to attack the alleged void mortgage and to enable him to protect the interests of general creditors against invalid liens, unlawful transfers, etc. Collier on Bankruptcy (12th Ed.) vol. 1, p. 728, et seq."

In not restricting the statute as contended for by the petitioner, it may be assumed that the Legislature was not unmindful of the provisions of section 47 of the Bankruptcy Act and the decisions of the Supreme Court of the State of California interpretative thereof.

It is proper to assume that had the Legislature, in enacting section 2980, intended that the word "encumbrancers," as well as the word "purchasers," was to be modified by the words "bona fide," it would have so declared in definite language, or at least would have omitted the comma following "purchasers," and connected the words "purchasers" and "encumbrancers" by the word "and"; or probably would have declared, as it did in section 164 Civil Code of California, in speaking of certain presumptions as being conclusive, "in favor of a purchaser, encumbrancer, payor, or any other person dealing with such married woman, in good faith and for a valuable consideration."

In the light of what is said above, it appears that the trustee is an encumbrancer, as held by the Referee. In addition to Noyes v. Bank of Italy, supra, see Wolpert v. Gripton, 213 Cal. 474, 480, 2 P. (2d) 767; In re Bowling Const. Corp. (D. C.) 19 F.(2d) 604, 605. "An incumbrancer is one who has a legal claim against an estate. 16 Am. & Eng.Enc. of Law, 161. A judgment is an incumbrance, and the holder thereof is an incumbrancer." De Voe v. Rundle, 33 Wash. 604, 610, 74 P. 836, 837. "An incumbrance, as defined by Webster, is 'a burden or charge upon property; a claim or lien upon an estate which may diminish its value,' and a lien is defined as 'a charge on property for the payment of a debt or duty, and for which it may be sold in discharge of the lien.' 5 Words and Phrases [First Series], 4144." Hartford Fire Ins. Co. v. Jones, 31 Ariz. 8, 250 P. 248, 251.

The petitioner asserts that "neither the Referee nor the trustee has cited any case in which a conditional sales contract or a chattel mortgage was held void against a third party right vesting subsequent to the recording of the contract or mortgage, with the possible exception of the case of In re Watts-Woodward Press [C.C.A.] 181 F. 71." The question seems to be settled by Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198.

The petition will be denied.