**J. G. MUNDY, Appellee,**

v.

**CASUALTY CLAIMS SERVICE, INC.,
Appellant.**

**No. 46680.**

Court of Appeals of Oklahoma,
Division No. 1.

June 18, 1974.

Rehearing Denied Aug. 6, 1974.

Certiorari Denied Oct. 15, 1974.

Released for Publication by Order of Court
of Appeals, Oct. 17, 1974.

Leslie B. Younger, Ada, for appellee.

Lewis M. Watson, Ada, for appellant.

BOX, Presiding Judge:

An appeal by Casualty Claims Service, Inc., defendant, from a judgment granted J. G. Mundy, plaintiff, arising out of the sale of an airplane.

The parties will hereafter be referred to as they appeared in the trial court. On the 12th day of August, 1969, plaintiff and defendant entered into a contract and agreement whereby the plaintiff purchased a 1964 Piper Cub airplane from defendant, and among other terms and conditions of said contract the defendant agreed to deliver said aircraft "free of encumbrance."

Catlin Aviation Company filed its Mechanic's or Materialman's Lien Statement against Casualty Claims Service, Inc. for work, labor, material and supplies furnished on the Piper Cub airplane purchased by plaintiff herein, which lien statement was in the sum of $2,892.47, dated the 28th day of February, 1967, and recorded on March 16, 1967, as FAA Docket No. F 29423 with the Aircraft Registration Branch, Federal Aviation Administration, Oklahoma City, Oklahoma.

During the year of 1970, defendant was notified by an attorney for plaintiff that Catlin Aviation Company had a Mechanic's Lien against the airplane on file with the Federal Aviation Administration.

Subsequent to the filing of the lien, plaintiff attempted to sell the airplane but the purchaser stopped payment on the check that had been issued for the payment of the airplane because of the lien filed by Catlin Aviation Company.

By negotiation the plaintiff and Catlin Aviation Company settled the lien claim for the sum of $2,000.00 and said lien was released of record on February 3, 1972.

Defendant Casualty Claims Service, Inc., by and through its president, Sam Brown, had knowledge of the existence of the lien as filed by Catlin Aviation Company and failed to pay such obligation or negotiate a release of said lien and as a result, the plaintiff was forced to file suit based upon breach of contract.

Defendant-appellant alleges in his brief as follows:

"The sole issue in this case is whether a mechanic's or materialman's lien statement recorded March 16, 1967, in the office of the Federal Aviation Administration, constituted an 'encumbrance' on the aircraft on the 12th day of August, 1969, or at any time subsequent thereto. It is defendant's contention that the same was not an encumbrance, and that defendant should not be held liable for damages for breach of contract."

Plaintiff-appellee alleges the following:

"The sole issue in this case is whether the filing of a Mechanic's or Materialman's Lien Statement in compliance with Title 49 U.S.C. § 1403 is an encumbrance sufficient to sustain the judgment as determined by the District Court in this case."

Defendant briefs this court on the provisions and case law pertaining to 49 U.S.C. § 1401 et seq. Plaintiff makes the following statement in his brief:

"We agree with the Plaintiff in Error in that compliance with Section 1403 of Title 49 U.S.C. does not validate a conveyance or other instrument which is lacking in initial or inherent validity insofar as pertains to an action under applicable state law. In the case of Aircraft Investment Corporation, a Texas

corporation, Plaintiff vs. Pezzani and Reid Equipment Company, a Michigan corporation, Defendants, 205 Federal Supplement, page 80, the Court said:

> "'Congress has said only that until an instrument purporting to convey an interest in an aircraft is recorded, in accordance with the Act, it is void as to third parties without notice. Upon Federal recordation, it is valid without further recording. In providing for the recordation of various instruments pertaining to transactions affecting title or interest in aircraft, Congress has not impaired the existence and effectiveness of state laws creating and defining such instruments. Excepting the recording section of the Federal Aviation Act, the validity of the chattel mortgage here in question must be measured by the appropriate state law.'

"We do not take issue with the argument of the Plaintiff in Error, to have a valid lien in Oklahoma the lien must be filed according to the applicable state statutes. In this case, the Defendant in Error is not attempting to seek relief because of a lien filed within the State of Oklahoma, but because of an encumbrance created by filing of the Lien Statement under Title 49, U.S.C. § 1403."

Plaintiff's petition alleges in part as follows:

> "4) That Paragraph three (3) of said Contract and Agreement states:

> "'Sam A. Brown, President, Casualty Claims Service, Inc., further agrees to deliver the said aircraft with the terms and conditions of the contract free of encumbrances.'

> "8) That the Defendant has violated the terms of its Contract and Agreement in that it failed to deliver said aircraft free of encumbrances and has further failed to pay the claims and to secure a release of lien filed by Catlin Aviation Company and by reason thereof is indebted to the Plaintiff herein, in the sum of $2,000.00."

The evidence reveals that Sam A. Brown, president of the defendant corporation, was informed a number of times regarding the lien statement filed with the F.A.A. by Catlin Aviation Company in compliance with 49 U.S.C. § 1403, Sub-section (a)(1), and would not attempt to have same released as provided in Sub-section (b), stating in essence that the defendant did not owe the bill.

We agree with defendant that the action now under review is bottomed on a suit on a contract; further, that the question involves the meaning of encumbrance as contained in the contract between the parties.

In Hartford Fire Insurance Company v. Jones, 31 Ariz. 8, 250 P. 248, the Supreme Court of Arizona defined "encumbrance" as follows:

> "Encumbrance being defined as a burden or charge on property, * * *."

The lower court found that the lien filed in the Federal Aviation Administration was an "encumbrance" on the property and that it was necessary for the plaintiff to pay the sum of $2,000.00 to have the lien released and that plaintiff should have judgment in the sum of $2,000.00 against the defendant with interest from the date of judgment.

From a review of the record together with the authorities submitted in briefs by the parties, we find that the lien filed in compliance with 49 U.S.C. § 1403, whether a valid lien or otherwise, constituted an encumbrance on the airplane purchased by the plaintiff and continued as such until released as provided for in 49 U.S.C. § 1403(b). Therefore the judgment of the trial court was correct.

Affirmed.

ROMANG and BAILEY, JJ., concur.