WHEELER, RESPONDENT, *v*. McINTYRE, APPELLANT.

(No. 4,157.)

(Submitted October 12, 1918. Decided November 20, 1918.)

[175 Pac. 892.]

*Injunction—Real Property — Landlord and Tenant — Lease of Building—Sale of Land—Complaint—Trespass.*

Injunction—Leases—Sale of Land—Removal of Building—Complaint—Sufficiency.
1. Complaint in an action by the assignee of a lease of a building used for business purposes, the lease being for a term of years still existing, to enjoin the owner thereof from moving it to another site, *held* sufficient to withstand a general demurrer.

Real Property—Lease of Building—Implied Inclusion of Land.
2. Where the owner of land leases a building for a term of years without expressly including the land, he thereby demises the latter unless the contrary intention is manifest.

[As to the word "house" in lease as including land, see note in Ann. Cas. 1914B, 1239.]

Same—Lease for Years—Nature of Estate.
    3.  A lease for years is a chattel real, both under section 4485, Revised Codes, and the common law.

Same—Injunction—Complaint—Unnecessary Allegations.
    4.  To entitle the assignee of a lease for years to an injunction against the removal of the building in which he conducts business, he need not show that the threatened wrong would, if committed, interfere with or destroy his business or that defendant is unable to answer in damages.

Same—Injunction—Continuing Trespass—Multiplicity of Actions.
    5.  Injunction lies to prevent a multiplicity of actions at law for damages which would be caused by the threatened commission of continuing and repeated trespasses upon plaintiff lessee's estate in the building attempted to be moved to another site.

Same—Rights of Lessee.
    6.  Knowledge in the assignee prior to taking over a lease of a building that the owner had sold the lot and contemplated removal of the structure to another site before expiration of the lease, could not affect his rights under the lease or deprive him of the right to an injunction restraining removal of the building.

Same—Injunction—Doctrine of Comparative Injury.
    7.  In determining whether injunction should issue to restrain the threatened removal of a building held under lease, the doctrine of relative or comparative injury and inconvenience should be resorted to only when the party whose rights are threatened with invasion or destruction can be thoroughly protected.

*Appeal from District Court, Hill County; W. B. Rhoades, Judge.*

ACTION by W. H. Wheeler against Margaret McIntyre for injunction. From a judgment for plaintiff, defendant appeals. Affirmed.

Cause submitted on brief of Counsel for Appellant.

*Messrs. Pray & Callaway* and *Mr. L. V. Beaulieu,* for Appellant.

The rule is that equity will not interpose to restrain the mere violation of a municipal ordinance at the instance of an individual. It will so interpose its extraordinary powers only when such acts amount to nuisances, or where the applicant for its protection shows that by reason of the violation of the ordinance some special and irreparable injury will result to him. (*Rice v. Jefferson,* 50 Mo. App. 464; *King v. Hamill,* 97 Md. 103, 54 Atl. 625; *O'Brien v. Louer,* 158 Ind. 211, 61 N. E. 1004; *Young v. Scheu,* 56 Hun, 307, 9 N. Y. Supp. 349; *Sheldon v. Weeks,*

51 Ill. App. 314; *Jenks* v. *Williams,* 115 Mass. 217; *Manufacturers' Gas & Oil Co.* v. *Indiana etc. Oil Co.,* 155 Ind. 566, 58 N. E. 851; *People ex rel. L'Abbe* v. *District Court,* 26 Colo. 386, 46 L. R. A. 850, 58 Pac. 604; *Tiede* v. *Schneidt,* 99 Wis. 201, 74 N. W. 798; *Meredith* v. *Triple Island Gunning Club,* 113 Va. 80, Ann. Cas. 1913E, 531, 38 L. R. A. (n. s.) 286, 73 S. E. 721; *Siskiyou Lumber & Mercantile Co.* v. *Rostel,* 121 Cal. 511, 53 Pac. 1118.)

Inasmuch as the facts brought before this court do not reveal any of the fundamentals upon which the statements of a witness as to cause and effect can rest, the statement of the respondent as to the result of moving the building was inadmissible. Without it there is nothing to show that his estate would in all probability be destroyed under any view of the facts. (17 Cyc. 101; *Power & Bros.* v. *Turner,* 37 Mont. 521, 97 Pac. 950; *Morrow* v. *Missouri Pac. Ry. Co.,* 140 Mo. App. 200, 123 S. W. 1034; *Wallace* v. *Jefferson Gas Co.,* 147 Pa. St. 205, 23 Atl. 416; *Pennsylvania Co.* v. *Mitchell,* 124 Ind. 473, 24 N. E. 1065; *Piper* v. *Woolman,* 43 Neb. 280, 61 N. W. 588; *Elliott* v. *Ferguson,* 37 Tex. Civ. 40, 83 S. W. 56.)

The decisions deny the right of an individual to invoke equitable interposition where the injury is not made to appear irreparable or where the inadequacy of compensatory relief is not made to appear. (*Boston etc. Min. Co.* v. *Montana Ore etc. Co.,* 23 Mont. 557, 59 Pac. 919; *Koufman* v. *City of Butte,* 48 Mont. 400, 138 Pac. 770; *Karl* v. *Pilkington,* 2 Alaska, 191.) Relief based upon merely nominal, technical, theoretical, problematical or speculative damages is not favored, lest, otherwise, courts in so acting be regarded as engines of oppression and vexation, which would be far distant from the object of their creation. (*Bigelow* v. *Hartford Bridge Co.,* 14 Conn. 565, 36 Am. Dec. 502; *People* v. *Canal Board,* 55 N. Y. 390; *James* v. *Bondurant* (Iowa), 86 N. W. 274; *Swan Creek Twp.* v. *Brown,* 130 Mich. 382, 90 N. W. 38; *Jacob* v. *Day,* 111 Cal. 571, 44 Pac. 243; *In re Penn Development Co.,* 220 Fed. 222, 224; *Freeman* v. *Scherer,* 97 Kan. 184, 154 Pac. 1019.)

MR. JUSTICE PIGOTT delivered the opinion of the court.

By the judgment in this action defendant McIntyre (who will hereinafter be called the defendant) is perpetually enjoined from removing, or attempting to remove, and from digging, excavating, and removing the ground and foundation from beneath, a wooden building known as the McIntyre Opera House. On this appeal by her from that judgment her counsel have argued at length the several specifications of particulars in which, as she asserts, the trial court committed error prejudicially affecting her rights. The plaintiff has not seen fit to state or present his contentions, nor has he appeared, on this appeal.

1. Defendant's first contention is that the complaint, her general demurrer to which the court below overruled, fails to state facts sufficient to constitute a cause of action, or to invoke the injunctional jurisdiction of equity. Its allegations may be paraphrased and epitomized thus:

The McIntyre Opera House, a wooden (or, according to the complaint, a "wood frame") building, having a stone foundation imbedded in the earth, at all the times mentioned in the complaint stood, and yet stands, on certain lots situate within the fire limits of Havre. In December, 1915, and while defendant was the owner of the lots as well as of the building, she leased the building, describing and identifying it as being on these lots, to strangers for the term of three and a half years, with the privilege of three years additional, at the monthly rental of $100. In October, 1916, defendant conveyed the building and lots to her codefendant. In March, 1917, plaintiff became the assignee of the lease and has kept its covenants. As such assignee he is in possession of the building, and therein carries on the business of exhibiting moving pictures and presenting theatrical performances. An ordinance of Havre prescribes that—"no wood frame building shall be moved from one place to another within the fire limits, nor from without to within the fire limits, except to a different portion of the same lot upon which it may stand." Defendant wrongfully and un-

lawfully threatens to remove the building from its present site, and has made actual preparation for its removal by digging and excavating the ground underneath it, and by removing parts of the stone foundation; over plaintiff's protest, she has persisted from day to day in committing such wrongful acts. Should the building be moved to a place beyond the fire limits, or should defendant be permitted to move the building, as she now threatens and is preparing to do, or should she be allowed to continue in such digging and excavation of the earth and removal of the foundation, the estate owned and enjoyed by plaintiff in the building and lots will be totally destroyed, to his irreparable injury. The plaintiff has never consented to or authorized the perpetration of any of the wrongs charged, nor to the removal of the building either within or without the fire limits. He prays for an injunction restraining defendant from moving the building off its present site, and from digging, excavating and removing the ground and foundation beneath the building.

(a) Defendant insists that the only cause of action attempted to be stated is based upon the ordinance pleaded; that the ordinance does not forbid the moving of such a building from a place within to a place without the fire limits; that the allegation—assumed by her to be the gravamen of the action—that if the building be moved to a place beyond the fire limits plaintiff's estate will be destroyed, has no relation to the ordinance; that plaintiff fails to charge defendant with intention or threat to move the building without the fire limits, but, on the contrary states only that she threatens to remove it from its present site. From these premises she deduces the conclusion that the ordinance is inapplicable, and intimates that, even if it be applicable, equity will not restrain its mere violation at the instance of a private litigant, except where the wrongs threatened amount to a nuisance, or he shows that some irreparable injury, special to himself, would ensue.

But the major premise is wrong, as is also the assumption that the threat to move the building beyond the fire limits constitutes

the essence of the cause of action. All reference to the ordinance and the threats to move the building to a place beyond the fire limits may be eliminated without making the complaint insufficient, as will appear by application to the state of facts remaining of a few fundamental and long-established principles of law.

After elimination of these matters in respect of the ordinance [1] and fire limits, the complaint shows, in substance, that defendant, without plaintiff's consent or authority and against his protest, threatens to, and, unless restrained, will, move from its present site a wooden building standing, with stone foundation imbedded in the earth, on certain land, which building was leased at a monthly rental by her to plaintiff's assignors for a term of years still existing, the lease having been made prior to her conveyance of the land and building; that the building, with the land, is occupied by plaintiff under the lease and used by him in conducting his business; that in the execution of her threat she continues from day to day to dig and excavate the earth under the building and remove parts of its foundation.

Defendant misconceives the character and dignity of the property owned by plaintiff as assignee of the lease. She regards it as strictly personal property, and invokes the rules announced by this court in *Eisenhauer* v. *Quinn,* 36 Mont. 368, 122 Am. St. Rep. 370, 14 L. R. A. (n. s.) 435, 93 Pac. 38. In that case, however, the house was a chattel personal, and this court held that an injunction should not have been granted against its removal by the sheriff under writ of execution, there being no showing that the sheriff was insolvent or his bond not sufficient, or that the removal of the house could not be compensated in damages. The *Eisenhauer Case* is not pertinent.

When the owner of land and the building affixed thereto [2] leases the latter for a term of years without expressly including the former, he thereby demises the land unless the contrary intention is manifested. Defendant owned the land and likewise the building which was then and is now affixed thereto. By leasing the building to plaintiff's assignors for a term of

years, she effectually demised the land. This familiar doctrine need not be exemplified by citation of authority. The Revised Codes, sections 4424, 4425 and 4427, enact, among other things, that real, or immovable, property consists of land and that which is affixed to land, by being imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of a building.

True, the right of plaintiff which he seeks to protect against [3] wrongful invasion and consequent destruction, is a chattel interest. It is a chattel real, as distinguished from a chattel personal. Section 4481 of the Revised Codes, declares estates for years to be estates in real property, and section 4485 defines chattels real to be estates for years; and it may be noted in passing that these sections work no change in the common law; for in Co. Litt., secs. 177, 118b, it is said that chattels real are "reall, because they concerne the reality, as tearmes for yeares of lands or tenements." Blackstone in the second volume of his Commentaries, defines them to be "such as savor of the realty, such as leases for years of land." So it was held in *Hyatt* v. *Vincennes National Bank,* 113 U. S. 408, 28 L. Ed. 1009, 5 Sup. Ct. Rep. 573, where it was decided that a lease for years is a chattel real which must be sold as an interest in land, not as personal property, which is also provided by Revised Codes, section 6836. In *Milliken* v. *Faulk,* 111 Ala. 658, 20 South. 594, the court said: " 'A chattel real * * * is an immovable thing, attached to and issuing out of lands,' and this we understand to be universally correct. A lease is a contract * * * for the possession * * * of lands and tenements. * * * Strictly speaking, it is not a term applicable to chattels, which are not attached to or issue out of realty. A lease is a conveyance or grant."

The complaint, then, shows that plaintiff is the owner and entitled to the quiet and peaceable possession and enjoyment of an estate for years in the land and the building resting upon it, free from interruption or molestation by defendant; that defendant has wrongfully committed many destructive trespasses upon plaintiff's estate, and, unless restrained, will continue to

do so, even to the extent of moving the building from the land; that the execution of the threat will utterly destroy plaintiff's estate in the land, and deprive him of the right, which he now has, to occupy the building on its present site. While neither the wrongs done nor those threatened are, or would be, technical waste, they are necessarily destructive of plaintiff's estate, and irreparable in their character and very nature. To justify injunc- [4] tive process in such circumstances, there is no need that the wrongs threatened would, if committed, interfere with or destroy plaintiff's business, nor is it necessary to show that defendant is unable to answer in damages.

For present purposes it is not of moment whether the conduct of defendant be characterized as tortious, or be considered merely as breaches of the contract of lease, for in either event the complaint is sufficient to withstand a general demurrer. Her conduct was tortious, for plaintiff is the owner of the term, and the unlawful acts and threats are those of a stranger to such ownership. Her conduct was also a violation of her covenants contained in the lease.

(b) The complaint also states facts sufficient to warrant an [5] injunction to prevent a multiplicity of actions at law for damages which would be caused by the commission of the continuing and repeated trespasses threatened.

The demurrer was properly overruled.

2. Parts of the material allegations of the complaint were admitted by the answer, and the others were proved at the trial.

During the trial, defendant sought, unsuccessfully, to show that plaintiff had consented to her moving the building; and while the tendency of the evidence was to prove that plaintiff's assignors had notice after the lease was made of defendant's purpose to move it, there was no proof that they ever consented. She established the fact that, when she sold the land to her co-defendant, she excepted the building and agreed to remove it by March 15, 1917; but this could not affect plaintiff's estate, [6] which had been theretofore created in his assignors. She sought, also, to prove that plaintiff had notice of the transaction

with her codefendant before the lease was assigned to him, but in this effort she was likewise unsuccessful; but, if the fact be as she asserts, her plight would not be less, nor plaintiff's rights diminished, for the lease under which plaintiff holds antedates the contract of sale.

Suggestion is made that the evidence shows that the threat-[7] ened destructive trespasses, if perpetrated, would not work as great injury to plaintiff as the perpetual injunction will damage defendant; but the facts in the present case clearly exclude application of the doctrine of relative or comparative injury and inconvenience. The practice of weighing the relative or comparative injuries and resulting damage which will probably be suffered by the parties, respectively, should be resorted to only when the party whose substantial rights are threatened with invasion or destruction can be thoroughly protected.

The record fails to show error prejudicial to defendant, and the judgment is affirmed. Let *remittitur* issue forthwith.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Motion for rehearing denied December 5, 1918.