(No. 6,127.)

BUTTE   ELECTRIC   RAILWAY   CO.,   RESPONDENT,   *v.*
BRETT, COUNTY TREASURER, APPELLANT.

(No. 6,128.)

BUTTE   ELECTRIC   RAILWAY   CO.,   APPELLANT,   *v.*
BRETT, COUNTY TREASURER, RESPONDENT.

(Submitted June 7, 1927.   Decided July 2, 1927.)

[257 Pac. 478.]

*Taxation—Electric Street Railways—Tracks, Poles and Trolley. Wires—How Taxable—Fixtures.*

Taxation—Street Railway Tracks Taxable as Personal Property.
  1. *Held,* under section 2020, Revised Codes 1921, that the constituent parts of a street railway track are personal property and taxable as such under the classification Act (sec. 1909), falling

_____

1.  See 26 R. C. L. 191.

within class 7, at forty per cent of its true and full value (sec. 2000) as property not included in the preceding six classes.

Same—Electric Street Railways—Poles and Trolley Wires Taxable as Personal Property.

2. *Held*, that poles imbedded in the soil and trolley wires attached to them for the purpose of furnishing motive power for the propulsion of street railway cars are personal property and taxable at forty per cent of their true and full value under class 7 of section 2000, Revised Codes 1921.

Fixtures—When Chattels Affixed to Land Do not Become Fixtures.

3. Whether a thing imbedded in the soil is or is not a fixture depends upon the intention of the party making the annexation and the use or purpose of annexation; to become a fixture the intention to make an article a permanent accession to the realty must affirmatively and plainly appear, if left in doubt it must be deemed a chattel; if attached for a use which does not enhance the value of the land it does not become a fixture.

---

[1]    Taxation, 37 Cyc., p. 1043, n. 46.
[2]    Taxation, 37 Cyc., p. 1043, n. 46.
[3]    Fixtures, 26 C. J., sec. 2, p. 654, n. 31; sec. 3, p. 656, n. 41.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by the Butte Electric Railway Company against James J. Brett, as County Treasurer of Silver Bow County. From the judgment both parties appeal. Remanded, with directions.

*Mr. J. L. Templeman* and *Mr. Fred J. Furman,* for Appellant Butte Electric Company, submitted a brief; *Mr. Furman* argued the cause orally.

*Mr. T. E. Downey,* County Attorney, and *Mr. N. A. Rotering* and *Mr. J. F. Sullivan,* Assistant County Attorneys, for Respondent Brett, submitted a brief; *Mr. Sullivan* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

From the statement of facts agreed upon by the parties it appears that at noon of the first Monday of March, 1924,

---

3.  See 11 R. C. L. 1062.

the plaintiff was, and for a considerable time prior thereto had been, the owner of certain street railway tracks and trolley wires used in connection with its business as a common carrier of passengers for hire in the city of Butte and in other portions of Silver Bow county. After assessment thereof the county clerk determined that the property above mentioned should be placed in class 7 as a basis for the imposition of taxes thereon and computed the amount of the tax accordingly at forty per cent of its full and true value. The plaintiff claimed the property should be placed in class 4 and the tax computed at thirty per cent instead of forty. Plaintiff paid the tax levied under protest and brought this action against the county treasurer to recover the difference between the amount paid and the amount which it claimed lawfully should have been exacted. The trial court concluded that the classification was correct as to the tracks but that the trolley wires should be placed in class 4, and rendered judgment accordingly. Both parties, dissatisfied, have appealed.

The questions submitted, to paraphrase the language of the trial court, are as follows: (1) Whether street railway tracks, meaning thereby the wires, ties, bridges and structural material upon which the cars run are to be classified as being within class 4 of section 1999, Revised Codes 1921, and taxable on a thirty per cent basis of full and true value, or are such tracks to be classified under class 7 and by reason of that classification taxable on a forty per cent basis? (2) Are the trolley wires to be classified within class 4 or within class 7?

It is stipulated that the "plaintiff operates over numerous public streets and roads in the city of Butte, county of Silver Bow, State of Montana, under franchises from the said county of Silver Bow and the said city of Butte; that certain portions of its said track and wires are upon and over privately owned land and rights of way belonging to plaintiff, but no segregation is made of such sections of said track and trolley wire." The ties upon which the track is laid are imbedded in the

earth or in concrete; the rails are bolted end to end with plates of steel and are then spiked to the ties; the bridges are constructed of heavy pieces of timber and steel plates on solid foundations; the rails are spiked to the bridges. All trolley wire is suspended over the tracks in the following manner: Approximately every ninety feet along the street are placed two wooden or steel poles, one directly opposite from the other; these poles are imbedded in the earth or sunk in concrete. Attached to the poles are galvanized wires in which are fastened porcelain insulators four feet from each pole. A cast-iron hanger is fastened to the wire, which is called a span wire. To the hanger is attached a galvanized ear which clamps onto the trolley wire. These span wires form the supports for the trolley wires except in some instances the span wires are attached to buildings and poles owned by third parties. The trolley wires are suspended over the center of the tracks, approximately twenty feet in the air. The trolley and span wires are easily removed without injury in any manner to the buildings or poles forming their supports.

1. So far as applicable to the present controversy section [1] 1999, Revised Codes 1921, provides: "For the purpose of taxation the taxable property in this state shall be classified as follows: * * * Class Four: All land, town and city lots, with improvements, manufacturing and mining machinery, fixtures and supplies, except as otherwise provided by the Constitution of Montana. * * * Class Seven: All property not included in the six preceding classes."

Section 2000 provides: "As a basis for the imposition of taxes, upon the different classes of property specified in the preceding section, a percentage of the true and full value of the property of each class shall be taken as follows: * * * Class 4. Thirty per cent. of its true and full value. * * * Class 7. Forty per cent. of its true and full value."

At the second session of the legislative assembly following

the adoption of the Constitution, a revenue measure was passed and approved (Laws 1891, p. 73) which, with amendments and modifications, mostly of a minor character, is still in force. Section 29 of the Act, with slight changes, remains to-day as originally enacted. It is now section 2020, Revised Codes 1921, and reads as follows: "Street railroads and bridges, and ferries, and their franchises, owned by persons or corporations, must be listed and assessed in the county, town or district where such property or any portion thereof is located, and the track of the railroad and the bridge are personal property." This section is consistent with those authorities which declare that a street railway does not gain an easement or freehold interest in the soil, or any exclusive control of the highways in which a location is granted to lay tracks to operate its road. It merely obtains a right to use the way within its location in common with others, and not exclusively for its own benefit. It follows that the constituent parts of a street railway company's track do not lose their character as personalty and become realty because of the fact of their annexation to the soil of the street. (Nellis on Street Railways, sec. 67; *Lorain Steel Co.* v. *Norfolk & Bristol Street Ry. Co.*, 187 Mass. 500, 73 N. E. 646.) As the track of the street railway, or railroad, is by statute expressly declared to be personal property it cannot be held to be within class 4, and necessarily must fall within class 7.

2. The classification of the trolley wires is not so clear, but [2] in view of the state's policy respecting the taxation of street railways and the character of the right which the railway has to use the public streets and roads, we think the trolley wire, for purposes of taxation, must be considered personal property also. The poles which stand in the public streets and roads and the trolley wires which are strung over the tracks are placed there for the sole purpose of furnishing motive power for the propulsion of plaintiff's cars. The track was laid by permission of the public officers.

The Constitution declares that "no street or other railroad shall be constructed within any city or town without the consent of the local authorities having control of the street or highway proposed to be occupied by such street or other railroad." (Art. XV, sec. 12.)

This court in *Kipp* v. *Davis-Daly Copper Co.*, 41 Mont. 509, 21 Ann. Cas. 1372, 36 L. R. A. (n. s.) 666, 110 Pac. 237, speaking through Mr. Chief Justice Brantly, called attention to this provision and also to section 3470 of the Revised Codes 1907, now section 4985, Revised Codes 1921, which provides that the fee to the land covered by a street once established is vested in the public.

In *Lorain Steel Co.* v. *Norfolk & Bristol Street Ry. Co.*, supra, it is said that wires and poles used for the transmission of intelligence, or supplying light by electricity, located, placed or erected and maintained in public streets, are personal property, which the owner may remove. This seems correct. The city, the owner of the fee, is not the owner of the poles although they are imbedded in the soil of the streets.

Section 1996, Revised Codes 1921, declares that the term "real estate" includes: "1. The possession of, claim to, ownership of, or right to the possession of land. * * * The term 'improvements' includes: All buildings, structures, fixtures, fences and improvements erected upon or affixed to the land, whether title has been acquired to said land or not. * * * The term 'personal property' includes everything which is the subject of ownership, not included within the meaning of the term 'real estate' and 'improvements.' "

That the poles are not improvements upon the street surely [3] is patent, unless it may be said that they are fixtures. While a thing imbedded in the soil, a pole, ordinarily is a fixture (sec. 6669, Rev. Codes 1921), certain tests are employed to ascertain whether as a fact an article attached to the realty is a fixture. Two of the tests are, the use or purpose of the annexation, which is entitled to much weight,

and the intention of the party making the annexation, which is generally held to be the chief test. It is said that if property is placed on land to improve it and make it more valuable it is generally deemed a fixture, but if attached for a use which does not enhance the value of the land it remains a chattel. The intention to make an article a permanent accession to the realty must affirmatively and plainly appear; if the matter is left in doubt and uncertainty the legal qualities of the article are not changed, and it must be deemed a chattel. (11 R. C. L. 1061-2.) By placing the poles in the streets and roads the plaintiff did so for the purpose of transmitting power to its cars. The poles are accessory to its business, not to the soil in which they stand.

The plaintiff has no freehold interest in the land underlying the street—nor any such interest in the fee of the land underlying the county road—but only such right therein as has been granted to it by franchise. When it ceases to operate under its franchises its right to occupy the streets and roads will cease. It is plain that there was no intention in fact to attach the poles to the freehold. (*Illinois Central R. R. v. Hoskins*, 80 Miss. 730, 92 Am. St. Rep. 612, 32 South. 150.)

"The general principle to be kept in view, which underlies all questions of this kind, is the distinction between the business which is carried on in or about the premises, and the premises, or *locus in quo*. The former is personal in its nature, and articles that are merely accessory to the business, and have been put on the premises for this purpose, and not as accessions to the real estate, retain the personal character of the principal, to which they appropriately belong and are subservient." (*St. Louis, Kansas & S. W. Ry. Co. v. Nyce*, 61 Kan. 394, 48 L. R. A. 241, 59 Pac. 1040.)

The plaintiff has the right to remove the poles and the wires. By its franchise it may be obliged to run its cars but it is not imperative that the propulsive power be furnished through the instrumentality of wires placed over its tracks.

The wires attached to the buildings and poles owned by third persons are not fixtures attached thereto. The owners of the buildings and poles do not own the wires, which are the property of the plaintiff. The trolley wires being personal property, as is the track, must be placed in class 7.

We do not have to consider whether a different rule will operate as to those portions of the track which are upon land owned by the plaintiff. No argument has been presented upon this feature of the case. It is said in plaintiff's brief: "Parts of the street railway are on private rights of way. These parts are not segregated because we deem it immaterial whether the ground is owned by the company or by third parties."

The trial court rendered judgment in favor of the county treasurer for $3,785.09 and in favor of the plaintiff for the sum of $550.12. The cause is remanded to the district court of Silver Bow county with directions to render judgment in favor of the treasurer of Silver Bow county for the entire amount, $4,335.21. Each party shall pay its or his own costs on this appeal.

*Remanded, with directions.*

Associate Justices Myers, Stark, Matthews and Galen concur.