WILLIS, RESPONDENT, v. BUCK ET AL., APPELLANTS.

(No. 6,243.)

(Submitted January 12, 1928.  Decided February 4, 1928.)

[263 Pac. 982.]

*Carriers—Motor Vehicles—Act Imposing License Fee Constitutional—Competition—Injunction—Public Highways.*

Carriers—Motor Vehicles—Injunction Lies to Prevent Competitors to Operate Against Objection of Licensed Carrier.
1. Injunction lies at the instance of a carrier of passengers and their luggage by means of motor vehicles operating between fixed termini under a license issued to him by the state Railroad Commission under Chapter 154, Laws of 1923, to prevent a competitor, operating without a license, from conducting the same business over the same route, the fact that under said chapter a penalty is attached to operating without a license or the injured licensee may maintain an action to recover damages not depriving a court of equity of jurisdiction to issue the writ on the theory that an adequate remedy is provided by law.

Same—Motor Vehicles—License to Operate is Property.
2. The certificate issued by the state Railroad Commission to an operator of a motor-bus line under the provisions of Chapter 154, Laws of 1923—whether considered as a license, a permit or a franchise—is essentially a species of property the value of which is dependent upon the exclusiveness of the privilege conferred.

Same—Licensing Operators of Motor Vehicles for Compensation—Act Constitutional.
3. *Held,* that section 4 of Chapter 154, Laws of 1923, providing that no person shall operate motor vehicles on the public highways for compensation without first having obtained a license, is not violative of section 27 of Article III of the state Constitution, providing that no person shall be deprived of liberty or property without due process of law.

Same—Public Highways—Use for Conducting Business of Carrier not Inherent Right.
4. No person has the inherent right to use the public highway for the conduct of the business of a common carrier for private gain, where the state has undertaken to regulate the subject, without first obtaining its consent.

*Appeal from District Court, Sanders County; Asa L. Duncan, Judge.*

ACTION by C. M. Willis against J. G. Buck and Adam Whiston. Judgment for plaintiff and defendants appeal. Affirmed.

*Mr. Heath Youell,* for Appellants, submitted a brief and argued the cause orally.

Equity has no jurisdiction of the subject matter of this action, because there is a plain, speedy and adequate remedy at law. Chapter 154, Session Laws of 1923, provides that a violation of the provisions (sec. 9) shall constitute a misdemeanor punishable as such (see *Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46; *State ex rel. Stephens* v. *Zuck,* 67 Mont. 326, 215 Pac. 806; *McCormick* v. *Riddle,* 10 Mont. 467, 26 Pac. 202; C. J. 21, p. 50); because equity by injunction protects only civil and property rights. The license of respondent is not in the nature of a civil or property right. It is a well-settled rule of law that the subject matter of equitable jurisdiction being civil rights and property rights, injunction will not issue where complainants' civil rights have not been invaded. (C. J. 32, p. 41; *Merz* v. *Murchison,* 30 Ohio C. C. 646; 14 R. C. L., p. 365); because injunction cannot be invoked to prevent the commission of a crime. (14 R. C. L., p. 377.)

Chapter 154, Session Laws of 1923, is, or a portion thereof is, unconstitutional, for the following causes: (1) It is a violation of Article III, section 27, of the Constitution in that it deprives persons of liberty, without due process of law. (6 R. C. L. 266.)

The legislature in section 4 of the Act provides and delegates to a state agency the reservation of issuing or refusing a license or permit for good cause, thereby preventing persons from entering into and carrying on a lawful calling or occupation, an occupation not in that class or kind wherein the health,

morals or welfare of the public is involved, all of which latter occupations or callings the state may regulate, as is well known under its police power even to the prohibition of any such occupations or callings. (6 R. C. L. 217.)

The legislature has no right to limit such occupations under the police power, has no right to deprive a person of his property without due process of law and which means the further acquiring of property. If the reservation contained in section 4 of the Act is not that of regulation under the police power, and this it cannot be, it must fall as a violation of the Constitution of the state and the due process clause of the federal Constitution. (*Ex parte Dickey,* 144 Cal. 234, 103 Am. St. Rep. 82, 66 L. R. A. 928, 77 Pac. 924.)

*Mr. E. G. Toomey* and *Mr. A. S. Ainsworth,* for Respondent, submitted a brief and argued the cause orally.

Plaintiff had the right to seek injunctive aid in the protection of his property rights under the certificate so granted to him by said board. (6 Pomeroy's Equity Jurisprudence, 583; *Memphis Street Ry. Co.* v. *Rapid Transit Co.,* 133 Tenn. 99, Ann. Cas. 1917C, 1045, L. R. A. 1916B, 1143, 179 S. W. 635.)

The following cases hold that in like or similar actions, injunctive relief will be granted to the person holding a license, certificate or franchise as against persons unlawfully infringing upon the property rights of the petitioner: *Bartlesville Electric Light & P. Co.* v. *Bartlesville Interurban R. Co.,* 26 Okl. 453, 29 L. R. A. (n. s.) 77, 109 Pac. 228; *Millville Gaslight Co.* v. *Vineland Light & P. Co.,* 72 N. J. Eq. 305, 65 Atl. 504; *Patterson* v. *Wollman,* 5 N. D. 608, 33 L. R. A. 537; *Weidner* v. *Friedman,* 126 Tenn. 677, 42 L. R. A. (n. s.) 1041, 151 S. W. 56.

It has been repeatedly held that the highways belong to the state; that it may make provision appropriate for securing the safety and convenience of the public in the use of them; to exclude unnecessary vehicles—particularly the large ones commonly used by carriers for hire—promote both safety and

economy; that state regulation of this character is valid, even as applied to interstate commerce, in the absence of legislation by Congress which deals specifically with the subject. (*Buck* v. *Kuykendall,* 267 U .S. 307, 38 A. L. R. 286, 69 L. Ed. 623, 45 Sup. Ct. Rep. 324; *Dickey* v. *Davis,* 76 W. Va. 576, L. R. A. 1915F, 840, 85 S. E. 781; *Hadfield* v. *Lundin,* 98 Wash. 657, Ann. Cas. 1918C, 942, L. R. A. 1918B, 909, 168 Pac. 516; *Memphis* v. *State,* 133 Tenn. 83, Ann. Cas. 1917C, 1056, L. R. A. 1916B, 1151, 179 S. W. 631. See, also, *Interstate Transit Co.* v. *Derr,* 71 Mont. 222, 228 Pac. 624; *State* v. *Johnson,* 75 Mont. 240, 243 Pac. 1073.)

*Mr. Francis A. Silver,* Counsel for the State Board of Railroad Commissioners, *Amicus Curiae,* submitted a brief and argued the cause orally.

A permit to operate motor vehicles over the public highways in the transportation of persons or property for hire, when issued by competent public authority, is in the nature of a limited franchise and is a property right. (*Reo Bus Lines Co.* v. *Southern Bus Line Co.,* 209 Ky. 40, 272 S. W. 18; *Carson* v. *Woodram,* 95 W. Va. 197, 120 S. E. 512; *Public Utilities Com.* v. *Garviloch,* 54 Utah, 406, 181 Pac. 272; 42 C. J., 68.) Chapter 154, Session Laws of 1923, recognizes the property attributes of a permit or certificate by providing (sec. 4) for the assignment, lease or transfer of such a permit or certificate, subject to the approval of the board of railroad commissioners.

This franchise right to transport passengers or property for hire between certain points, though not exclusive against other permits granted, is exclusive as against a competitor operating without franchise or permit and contrary to law. (*New York, N. H. & H. R. Co.* v. *Deister,* 253 Mass. 178, 148 N. E. 590.) The interest of the public requires that the holders of permits to transport passengers over an established route be protected in their business from unauthorized competition. (*Motor Transit Co.* v. *Railroad Com.,* 189 Cal. 573, 209 Pac. 586; *Logan County Bus Co.* v. *Ellis,* 100 W. Va. 32, 129 S. E. 751.)

The operation of busses on the public highways contrary to the prohibition of Chapter 154, Laws of 1923, as amended, renders the vehicles outlaws and constitutes a nuisance, and one suffering special or peculiar injury therefrom is entitled to injunctive relief. (*New York, N. H. & H. R. Co.* v. *Deister,* supra.

The fact that the acts of the appellants may subject them to criminal prosecutions is not a bar to the issuance of an injunction when required by the general principles of equity jurisprudence. The prevention of continuing an irreparable injury to property is a familiar ground for the interference of equitable relief by way of injunction. The circumstance that the act enjoined may also constitue a crime does not stay the equitable relief. (*New York etc. Co.* v. *Deister,* supra; *In re Debs,* 158 U. S. 564, 39 L. Ed. 1092, 15 Sup. Ct. Rep. 900 [see, also, Rose's U. S. Notes]; 5 Pomeroy's Equity Jurisprudence, 2d ed., 4292; 32 C. J. 277; 21 C. J. 155.)

The authorities are practically unanimous in upholding the right of a motor vehicle carrier, operating on the public highways, between fixed termini, and who has qualified and equipped himself under the law for the conduct of a transportation business, to maintain an action to prevent a rival transportation company from operating a similar and competing business without first obtaining the right to do so as is prescribed by the prevailing law. (*Reo Bus Lines* v. *Southern Bus Line Co.,* supra; *Carson* v. *Woodram,* supra; *Pocahontas Transp. Co.* v. *Craft,* 100 W. Va. 240, 130 S. E. 468; *Chelan Transfer Co.* v. *Foote,* 130 Wash. 511, 228 Pac 297; *Truck Owners & Shippers, Inc.,* v. *San Diego,* 194 Cal. 146, 228 Pac. 19; *People's Transit Co.* v. *Louisville Ry. Co.,* 220 Ky. 728, 295 S. W. 1055; *Huntington T. Co.* v. *Walker,* 209 App. Div. 904, 205 N. Y. Supp. 294.)

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action in injunction to permanently restrain and enjoin the defendants from operating motor vehicles as a com-

mon carrier of passengers and personal effects incident to passenger service over the public highways between the towns of Plains, Hot Springs and Camas, Montana. Upon issue joined the cause was tried before the court without a jury, at the conclusion of which the court made its findings of fact and conclusions of law in plaintiff's favor and directed the issuance of a permanent injunction. Judgment was accordingly duly entered, and the appeal is prosecuted therefrom.

It appears that on or about the fifteenth day of April, 1926, upon compliance with the law and the regulations of the board of railroad commissioners, the plaintiff was duly and regularly licensed by that board to operate motor vehicles for hire in passenger service over such route. The license so issued granted to him the exclusive right and privilege of transporting passengers and their luggage between the points named, and is still in force and effect. On or about July 3, 1926, the defendants made application to such board for an order granting to them a license to operate motor vehicles in providing passenger and express service over the identical route and highways between the same termini. At a public hearing held before the board at the town of Plains, the plaintiff and the defendants and others interested were present. After the conclusion of such hearing the board, on or about July 27, 1926, denied the defendant's application, upon the ground that adequate service is being provided. Subsequent to such order of the board the defendants continued to operate in defiance thereof, resulting in this proceeding.

The defendant's assignments of error present two questions proper for consideration in disposition of this appeal, viz.: (1) The jurisdiction of the court; and (2) the constitutionality of the law. Both will be treated and disposed of in the order stated.

The statute, Chapter 154, Laws of 1923, provides: "No transportation company, as defined in section one of this Act, shall hereinafter operate any motor vehicle, motor truck, motor trailer, bus trailer, semi-trailer or other trailer in connection

therewith for the purpose of transportation of persons or property for compensation on any public highway of this state without first having obtained from the railroad commissioners of Montana a certificate which shall set forth the special terms and conditions under which permission is granted to operate any of the vehicles above mentioned. * * * A permit issued by the railroad commission to operate any motor vehicle or any other vehicle prescribed by this Act for compensation over any of the highways of the state of Montana shall not be an exclusive right or license to operate over any route, road, highway or between any fixed terminals, but said commission shall have the power after hearing, when the applicant requests a certificate to operate in a territory already served by a certificate holder or licensee, under this Act, only when the existing auto transportation company or companies serving such territory, route or stage line, does not provide adequate transportation facilities and service to the satisfaction of the commission, and in all other cases with or without hearing, to issue said certificate as prayed for, or for good cause shown to refuse to issue same or to issue it for the partial exercise only of the said privilege sought, and may attach to the exercise of the rights granted by said certificate such terms and conditions as in its judgment the public convenience and necessity may require.'' (Sec. 4.)

1. As to the jurisdiction of the court, it is the defendant's [1] contention that a court of equity is without jurisdiction since an adequate remedy is provided by the law, viz., criminal prosecutions or actions to recover damages sustained. We see no merit in this contention. Where, as here, plaintiff is being interfered with in the exercise of a franchise conferred upon it by the state, the mere fact that a penalty attaches is not sufficient to deny relief by injunction. The facts stated are sufficient to warrant injunctive relief, thus preventing a multiplicity of actions at law. (*Wheeler* v. *McIntyre,* 55 Mont. 295, 175 Pac. 892.)

Mr. Pomeroy in his work on Equity Jurisprudence, second edition, states the correct rule as follows: "An injunction is the appropriate remedy to protect a party in the enjoyment of an exclusive franchise against continuous encroachments. 'Such continuous encroachments constitute a private nuisance, which courts of equity will abate by injunction. The jurisdiction rests on the firm and satisfactory ground of its necessity to avoid a ruinous multiplicity of suits, and to give adequate protection to the plaintiff's property in his franchise. To be entitled to relief, a plaintiff need show only that he is entitled to the franchise, and that there is continuous interference therewith by the defendant. It is not necessary that the plaintiff establish his right at law." (Sec. 2016.) And, further, that author well says: "It is not necessary, to entitle the owner to relief in equity, that the franchise should be an exclusive franchise in the sense that the grant of another similar franchise to be exercised and enjoyed at the same place would be void. The theory is that the defendant who has no franchise is acting in violation of law in operating * * * without authority from the sovereign power, and that the owner of the franchise may complain of and restrain such illegal acts when they result in injury to his franchise, which, in the eye of the law, is property. As to the one who is invading his rights without legal sanction, the franchise is an exclusive franchise, although the owner of it might not be entitled to any protection as against the granting of a similar franchise to another." (Sec. 2017.)

And Mr. High, a universally recognized authority in this country on the subject of injunctions, states the rule which we deem correct and applicable as follows: "The violation of franchises or special privileges conferred by legislative authority, either upon individuals or upon corporations, affords frequent occasion for invoking the extraordinary aid of equity by way of injunction to remedy evils which the usual modes of redress in courts of law are powerless to mitigate or to prevent. The value of a franchise being generally dependent upon its ex-

clusive use and possession, it may be protected upon the ground
of the inadequacy of the legal remedy and the probability of
thus avoiding a multiplicity of suits." (High on Injunctions,
4th ed., sec. 897.)

.Whether the certificate held by the plaintiff, Willis, be con-
[2]   sidered as a license, a permit or a franchise, it is essen-
tially a species of property, the value of which is dependent
upon the exclusiveness of the privilege conferred.

2. It is argued that the Act is violative of section 27 of
[3]   Article III of our Constitution, in that the defendants
are deprived of their liberty and property without due process
of law.   The argument is directed primarily against section 4
of the Act above set forth.   We see no merit whatsoever in this
contention.   In *State* v. *Johnson*, 75 Mont. 240, 243 Pac. 1073,
we considered the constitutionality of the statute, and after
considering the question as to whether it constituted a viola-
tion of section 1 of Article IV of the Constitution, as being
an unwarranted delegation of legislative power, Mr. Justice
Matthews, speaking for the court, said: "Nor does it violate
section 3 or section 14 of Article III of the state Constitution,
nor the Fourteenth Amendment to the Constitution of the
United States, securing to the people the right of acquiring,
possessing, and enjoying property, and prohibiting the taking
of private property for public use or without due process of
law, for, while a citizen has the right to travel upon the public
highways and to transport his property thereon, that right does
not extend to the use of the highways, either in whole or in
part, as a place of business for private gain.   For the latter
purpose no person has a vested right in the use of the high-
ways of the state, but such use is by privilege or license which
the legislature may grant or withhold in its discretion, or
which it may grant upon such conditions as it may see fit to
impose, provided the imposition applies impartially."

Again, in considering this enactment, we have said that:
"We do not hesitate to hold that all reasonable regulations with
reference to the matter of registration, license fees and the

like such as are contained in Chapter 154 are within the power of the state and apply to automobiles engaged in interstate traffic as well as those operated exclusively within the state. Accordingly it is within the province of the board of railroad commissioners to whom the legislature has delegated authority, to administer the Act and impose reasonable and impartial regulations in the use of our highways by persons engaged in, or purposing to engage in, the transportation of passengers and freight by automobile as a common carrier." (*Interstate Transit Co.* v. *Derr,* 71 Mont. 222, 228 Pac. 624.)

Neither the personal liberty nor property of the defendants has been taken away from them without legal process. The law is general in its application, but the defendants were not able to avail themselves of the benefits of it, simply because the field was already covered, the plaintiff enjoying the advantage of an exclusive permit and rendering adequate service.

There is no inherent right to use a public highway in the [4] conduct of the business of a common carrier for private gain without the consent of the state (*Hadfield* v. *Lundin,* 98 Wash. 657, Ann. Cas. 1918C, 942, L. R. A. 1918B, 909, 168 Pac. 516), especially in view of the state's assertion of right to regulate the subject, and therefore no constitutional right of the defendants was impaired by denying them a permit or license, and their continued operation in defiance of state authority justified the issuance of a permanent injunction.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.