STANDARD OIL COMPANY OF CALIFORNIA, Respond-
ent, *v.* IDAHO COMMUNITY OIL CO. et al., Defend-
ants; STATE OF MONTANA, Intervener and Appel-
lant.

(No. 7,317.)

(Submitted November 9, 1934. Decided November 20, 1934.)

[37 Pac. (2d) 660.]

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. C. F. Morris,* Assistant Attorney General, for the State, Intervener and Appellant, submitted a brief; *Mr. Morris* argued the cause orally.

134

*Mr. Paris Martin,* of the Bar of the State of Idaho, and *Mr. J. A. Poore,* for Respondent, submitted a brief; *Mr. Poore* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Prior to 1931 the Idaho Community Oil Company, an Idaho corporation, was operating ten or twelve gasoline service stations in this state, certain of which were erected upon lands held under lease for a term of years.

In January, 1929, the corporation executed a mortgage to the Standard Oil Company of California to secure a note for $35,000, purporting to cover all of the service stations and including all of the property of the mortgagor, whether real or personal; this instrument was made a matter of record both as a real estate and chattel mortgage.

In 1931 one John Sampson was appointed receiver for the Idaho concern, and the Standard Oil Company commenced foreclosure proceedings against the mortgagor and receiver. The defendants joined issue, and the state of Montana was permitted to intervene and filed a complaint in intervention to recover amounts due it from the Idaho concern in gasoline

license taxes for which it claimed a lien upon the property of the delinquent. The suit resulted in judgment and decree in favor of the plaintiff and the receiver, and the intervener appealed. On the appeal this court held that, because of the failure of the mortgagee to comply with certain of the requirements of the chattel mortgage law, the mortgage was superior to the lien of the state only as to the real property, and remanded the cause for a modification of the judgment. (*Standard Oil Co.* v. *Idaho Community Oil Co.,* 95 Mont. 412, 27 Pac. (2d) 173, 175.)

On return of the cause to the trial court, evidence was received as to the nature of the property described in the mortgage, and thereupon the court made exhaustive findings placing the various items under the headings of real and personal property and entered its amended decree in accordance therewith. The intervener has appealed from this judgment.

On the hearing had, evidence was adduced to the effect that the majority of the service stations stood on lands leased by the defendant company for a term of years and that the leases provided that the lessee might remove trade fixtures attached to the land at the expiration of the leases. The intervener contends that the court erred in classifying these leasehold interests, gasoline pumps, tanks, air compressors, and other appliances affixed to, or sunk into, the ground, as ''real estate.''

It is true that, at common law, a leasehold interest in land was ▉▉▉▉▉ considered personal property, governed generally by the rules applicable to that class of property, and that this rule remains in force unless changed by statute. (35 C. J. 970; 15 Cal. Jur. 601.) California, from which we took much of our law relating to real property, has declared that the common law in this respect has not been changed (*Jeffers* v. *Easton etc. Co.,* 113 Cal. 345, 45 Pac. 680), and we have made a like declaration (*Wheeler* v. *McIntyre,* 55 Mont. 295, 175 Pac. 892). But, if we concede that the law, to this extent, is settled in this jurisdiction, the concession does not

answer the question presented on this and the former appeal in this action.

On the former appeal the question for determination was as to the validity of the mortgage by which the defendant corporation had, before any rights of the intervener had attached, sought to hypothecate all of its property, whether real or personal, as security for the payment of its debt to the plaintiff. The record failing to disclose that the property described was other than the usual real and personal property, the court declared that: "The omission of the proper affidavit rendered the mortgage invalid only so far as it covers personal property. The mortgage was properly recorded and should be upheld as to the real estate covered by it." (*Standard Oil Co.* v. *Idaho Community Oil Co.*, supra.) This declaration goes no further than to declare the mortgage valid as a real estate mortgage. Regardless of the wording of the former opinion, all property which, under the laws of this state, is properly included in a real estate mortgage, is "covered" by the instant mortgage, whether technically classified as "real estate" or personal property.

The text in Corpus Juris, cited above, continues: "Since a term for years conveys an interest in the land, it has sometimes been considered for particular purposes as real estate." Among the purposes mentioned in the footnote is "mortgage, see Mortgages (27 Cyc. 1040)." The statement in "Cyc." is: "A mere term of years or leasehold interest in land is also mortgageable as realty." When, however, the subject of mortgages was treated in Corpus Juris, this statement was abandoned; the parallel text being: "Under a statute providing that the term 'real estate' shall include chattels real, a chattel real is the proper subject of a real estate mortgage." (41 C. J. 372.)

In spite of the broad statement by the California court, quoted above, that court has held that a leasehold interest is real estate within the taxation statute which declares that "the term 'real estate' includes 'the possession of, claim to, ownership of, or right to the possession of land' " (*San Pedro,*

*L. A. & S. L. R. Co.* v. *Los Angeles*, (Cal. Sup.) 179 Pac. 390, 391 [not reported in State report]), and with reference to the identical statute, this court has said, "This would be the rule independently of statute." (*Northern Pac. R. Co.* v. *Mjelde*, 48 Mont. 287, 137 Pac. 386, 388.)

What, then, is the nature of a leasehold interest under lease for a term of years for the purpose here considered, and, if it may be mortgaged, how must it be mortgaged?

Our Code provisions warrant the following summary: A lease for a term exceeding one year must be in writing (sec. 7519, Rev. Codes 1921), and the written lease is a conveyance (secs. 6764, 6765), creating an interest in real property (sec. 6936) and an "estate" in real property (sec. 6723) which may be transferred (sec. 6859), and, therefore, may be mortgaged (sec. 8262). When "any interest in real property" is mortgaged (sec. 8262), the mortgage shall be substantially as outlined in section 8263, and "may be acknowledged or proved, certified, and recorded in like manner and with like effect as grants thereof." (Sec. 8266.) The "grant" of such an "estate in real property" is governed by the provisions respecting the "transfer of real property." (Chap. 15, Part IV, Civil Code 1921 (sec. 6859 et seq.) While a chattel mortgage is merely "filed" in the office of the county clerk (sec. 8278), all instruments "affecting the title to or possession of real property" may be *recorded* (sec. 6890), provided they are duly acknowledged as required by law (sec. 6893), and such a mortgage must be *recorded* in order to protect the holder against subsequent purchasers or encumbrancers, in good faith, whose conveyance is first duly recorded (secs. 6934, 6935), for "the term 'conveyance,' as used in the two preceding sections, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, * * * except wills." (Sec. 6936.) It is therefore manifest that a mortgage of a leasehold interest in land must be executed and recorded as a real estate mortgage, and, consequently, the mortgage in question

constituted the prior lien an interest of the defendant company in the lands described in the mortgage.

There is some evidence in the record to the effect that the leases mentioned contained a clause permitting the lessee to remove trade fixtures attached to the soil, within thirty days after the expiration of the leases. As between the landlord and tenant, this agreement manifests an intention that the property so attached shall remain personal property. (*Butte Elec. R. Co.* v. *Brett,* 80 Mont. 12, 257 Pac. 478; *Padden* v. *Murgittroyd,* 54 Mont. 1, 165 Pac. 913; *Mattison* v. *Connerly,* 46 Mont. 103, 126 Pac. 851.) But this provision is for the protection of the tenant, and where, as here, the tenant mortgages his leasehold interest in the lands described, with the improvements and fixtures thereon and thereto attached, the mortgage covers articles attached to the freehold which the tenant had a right to remove as against his landlord. (26 C. J. 721; *Knapp* v. *Jones,* 143 Ill. 375, 32 N. E. 382; *Commercial Bank* v. *Pritchard,* 126 Cal. 600, 59 Pac. 130; *McLeod* v. *Barnum,* 131 Cal. 605, 63 Pac. 924.) The situation of the parties is no different than it would have been had the tenant assigned its leases and sold the property attached to the soil to the assignee.

For the reasons stated, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, STEWART and ANDERSON concur.